BRAY *v.* UNITED STATES

No. 75–5182.   Decided December 1, 1975

PER CURIAM.

On June 25, 1973, the Internal Revenue Service (IRS) served a subpoena on the petitioner, Karl J. Bray, directing him to produce business records for examination and to appear for questioning in connection with an inquiry into possible violations of the Economic Stabilization Act of 1970, 84 Stat. 799, as amended, 85 Stat. 743, note following 12 U. S. C. § 1904 (1970 ed., Supp. III).   When he failed to comply, the IRS filed a petition for enforcement of the subpoena in the United States District Court for the District of Utah.   Following a hearing, the District Court ordered him to comply with the subpoena.   Upon his refusal to testify or pro-

duce the records, the court directed him to show cause why he should not be held in criminal contempt. He was subsequently convicted of criminal contempt under 18 U. S. C. § 401 and sentenced to imprisonment for 60 days.[1] He appealed the judgment of conviction to the United States Court of Appeals for the Tenth Circuit, but that court dismissed the appeal for want of jurisdiction, holding that the appeal came within the exclusive jurisdiction conferred upon the Temporary Emergency Court of Appeals (TECA) by § 211 (b)(2) of the Economic Stabilization Act. This petition for certiorari asks us to review the propriety of the dismissal of Bray's appeal.

As part of the Economic Stabilization Act Amendments of 1971, Congress created the TECA and vested it with "exclusive jurisdiction of all appeals from the district courts of the United States in cases and controversies arising under this title or under regulations or orders issued thereunder." § 211 (b)(2), 85 Stat. 749. This judicial-review provision was designed to provide speedy resolution of cases brought under the Act and "to funnel into one court all the appeals arising out of the District Courts and thus gain in consistency of decision." S. Rep. No. 92–507, p. 10 (1971). The provision thus carved out a limited exception to the broad jurisdiction of the courts of appeals over "appeals from all final decisions of the district courts of the United States." 28 U. S. C. § 1291.

The Tenth Circuit held that, "notwithstanding Bray's prosecution under 18 U. S. C. [§] 401," the contempt charge did not "change the substantive nature of the original enforcement proceedings" and therefore remained "a 'case or controversy' arising under the [Economic

---

[1] The District Court stayed execution of the judgment pending appeal.

Stabilization] Act." This was, we think, a misreading of both the language and the purpose of the stabilization statute. The Act does not contain any provision prohibiting the violation of a district court's enforcement order or establishing penalties for such a violation. Thus, rather than "arising under" any provision of the Act, the contempt prosecution was commenced under 18 U. S. C. § 401, the provision of the Criminal Code that empowers federal courts to punish certain contempts of their authority. Nothing in the Act or in its legislative history indicates that Congress intended "to include existing offenses, already covered under Title 18, under the umbrella of the Stabilization Act." *United States* v. *Cooper*, 482 F. 2d 1393, 1398 (TECA 1973).[2] Review in the TECA of criminal contempt convictions relating to compliance investigations or enforcement efforts is not necessary to assure uniform interpretation of the substantive provisions of the stabilization scheme. Indeed, a requirement of such review would only serve to undermine the prompt resolution of Stabilization Act questions by burdening the TECA with additional appeals.

The charge brought against the petitioner based on his refusal to obey a lawful order of the District Court initiated "a separate and independent proceeding at law for criminal contempt, to vindicate the authority of the court" and was "not a part of the original cause." *Gompers* v. *Bucks Stove & Range Co.*, 221 U. S. 418, 445, 451. Although the contempt charge related to an order

---

[2] In *Cooper*, the TECA held that a prosecution under 18 U. S. C. § 1001 for willfully and knowingly making false representations to an IRS agent in connection with a Stabilization Act investigation was not "a controversy 'arising under' any title of the Stabilization Act or under regulations or orders issued thereunder." 482 F. 2d, at 1397.

entered in connection with an investigation of Stabilization Act violations, it was not dependent on the existence of such violations or even the continuation of the investigation. As the Court noted in *United States* v. *United Mine Workers,* 330 U. S. 258, 294: "Violations of an order are punishable as criminal contempt even though the order is set aside on appeal, *Worden* v. *Searls,* 121 U. S. 14 (1887), or though the basic action has become moot, *Gompers* v. *Bucks Stove & Range Co.,* 221 U. S. 418 (1911)." Here the conviction and sentencing of the petitioner for criminal contempt constituted a final decision of the District Court that was then appealable to the appropriate court of appeals. We therefore grant the motion to proceed *in forma pauperis* and the petition for certiorari, vacate the judgment, and remand the case to the Court of Appeals for the Tenth Circuit for further proceedings consistent with this opinion.