**CITRONELLE–MOBILE GATHERING, INC., Plaintiff-Appellant,**

v.

**GULF OIL CORPORATION, Defendant/Counter-Claimant-Appellee,**

and

**Federal Energy Administration, Intervenor-Defendant-Appellee.**

**No. 5–31.**

Temporary Emergency Court of Appeals.

Submitted Jan. 10, 1979.

Decided Jan. 23, 1979.

---

Lester M. Bridgeman, Bridgeman & Nerenberg, Washington, D.C., with whom Louis T. Urbanczyk, Washington, D.C., and Philip B. Kurland, Chicago, Ill., of counsel, were on the brief for plaintiff-appellant.

John E. Bailey, Catherine C. McCulley, Houston, Tex., for Gulf Oil Corp.

Stephanie Lachman Golden, Dept. of Justice, Washington, D.C., with whom Barbara Allen Babcock, Asst. Atty. Gen. and C. Max Vassanelli, Washington, D.C., were on the brief for defendant-appellee.

Before CARTER, ESTES and GEWIN, Judges.

PER CURIAM:

All parties to this action have filed pleadings in this Court seeking dismissal of the above-styled action on the ground that this Court lacks jurisdiction, but for "entirely different reasons."[1] The Federal Energy Administration, now Department of Energy (DOE), filed its "Memorandum in Support of Federal Defendant's Motion to Dismiss" on the ground that this Court lacks jurisdiction to review this action "since it is clear that where over two years has elapsed from entry of the final judgment and where plaintiff voluntarily withdrew an appeal it originally had filed with this Court, this Court is without jurisdiction to review any issues raised by this action at this time."[2] Gulf Oil Corporation (Gulf) adopted the arguments and authorities set forth in the Memorandum in Support of Federal Defendant's Motion to Dismiss.

The Court is of the opinion that the DOE's Motion to Dismiss for lack of jurisdiction should be granted.

## I. FACTUAL BACKGROUND

In mid-August, 1975, Citronelle-Mobile Gathering Co. (Citmoco) and Gulf negotiated a contract which provided that beginning September 1, 1975, and until further notice (until any later imposition of price controls, according to Citmoco), Citmoco would sell and Gulf would buy crude oil at $13 per net barrel. On September 1, 1975, Citmoco delivered and Gulf accepted 313,-466.72 barrels of crude oil. Gulf was invoiced for this crude oil at the rate of $13 per barrel on September 2, 1975 and paid the total amount of $4,075,067.36 prior to September 29, 1975. On September 9 and 29, 1975, Gulf accepted deliveries from Citmoco of a total of 337,733.91 barrels of crude oil, for which Gulf was invoiced at the rate of $13 per barrel. Gulf has not paid the invoice purchase price for either delivery of crude made on September 9 or 29, 1975. On October 26, November 22, and December 14, 1975, Gulf accepted delivery of a total of 691,395.3 barrels of crude oil, for which it paid Citmoco at the rate of $5.40 per barrel.

Citmoco filed a complaint in the United States District Court for the Southern District of Alabama on October 7, 1975, seeking recovery of money damages from Gulf arising from Gulf's alleged breach of their contractual agreement. In its answer, filed October 29, 1975, Gulf asserted the affirmative defense that the Emergency Petroleum Allocation Act of 1975 (EPAA), enacted on September 29, 1975, extended the authority of the EPAA of 1973 and that the FEA regulations, 10 C.F.R. part 212, prohibited

---

1. Memorandum of Citronelle-Mobile Gathering, Inc., in Response to Motion to Dismiss of the Federal Energy Administration, now the Department of Energy (DOE), p. 2:

   Those reasons are that this Court did not, in 1976, and does not now, have jurisdiction. This case did not 'arise' or 'commence' under the regulation authorized by the Emergency Petroleum Allocation Act of 1973, as amended, 15 U.S.C. § 751, *et seq.*, (EPAA). . . .

2. Memorandum in Support of Federal Defendant's Motion to Dismiss, p. 1.

   Section 211(e)(2), Economic Stabilization Act of 1970 (ESA), 12 U.S.C. § 1904 note, incorporated by reference in § 5(a)(1), Emergency Petroleum Allocation Act (EPAA), as amended, 15 U.S.C. § 754, and TECA Rule 15 require a notice of appeal to be filed with the Clerk of this Court within 30 days of entry of the District Court's judgment.

   See, Memorandum, supra, at p. 4:

   Plaintiff originally did file such a notice within the requisite time. But plaintiff also knowingly chose to withdraw its appeal. Two years later plaintiff simply is precluded by its own choice, from seeking review of the district court decision in this Court.

Gulf from paying Citmoco and Citmoco from receiving $13 per barrel for the crude sold and delivered by plaintiff to defendant in September, 1975. Gulf also asserted a counterclaim for the amount paid to Citmoco in excess of the maximum lawful regulatory ceiling price of $5.40 per barrel ($558,583.95).

On January 26, 1975, the FEA filed a motion to intervene as an additional party defendant in the litigation between Citmoco and Gulf in an effort to defend the regulatory scheme directly challenged by Citmoco and the agency interpretation of the effect ·of Congress' retroactive extension of the EPAA on crude oil pricing practices during the period of September 1–29, 1975. The FEA's motion was granted by Judge Pittman on March 11, 1976.

The case was tried before Judge Pittman on June 8, 1976. On August 20, 1976, an opinion and order was entered granting Gulf's counterclaim in the amount of $501,077.89 and holding that "the repromulgation of FEA's mandatory price and allocation regulations was not necessary in order to reinstate those regulations after August 31, 1975." 420 F.Supp. 162, 171 (S.D.Ala. 1976). The district court refused to certify to the TECA as a substantial constitutional question Citmoco's assertion that the retroactive application of the regulations violates the Fifth Amendment's Due Process Clause, the judge finding that measurable unfairness in this case could not be sustained in view of the compelling public interest in maintaining continuity in the scheme of regulation.

On August 31, 1976, Citmoco filed with the District Court an Application for Stay Pending Appeal and a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit. Citmoco's application for stay pending appeal was granted on September 1, 1976. On September 20, 1976, Citmoco filed a Notice of Appeal with the TECA along with a motion to postpone all procedural deadlines in the TECA pending appeal to the Fifth Circuit. This motion was denied on November 1, 1976, at which time a briefing schedule was established for all parties. On November 16, 1976, Citmoco filed a motion to dismiss its appeal with the TECA, which was granted by order of Judges Van Oosterhout, Johnson, and Jameson on December 7, 1976.

On August 25, 1978, the Fifth Circuit Court of Appeals held that the District Court's determination of insubstantiality of Citmoco's constitutional claim was in error and that a substantial constitutional question is involved when price regulations "are applied retroactively to cover those portions of an installment contract (1) fully performed on both sides while no regulations were in effect or (2) fully performed by the seller while no regulations were in effect and fully performed by the buyer during the same period except for payment of the sum agreed to in the contract." 578 F.2d 1149, 1155 (5 Cir. 1978). Accordingly, the Court of Appeals "remanded the case to the district court with directions that it certify to TECA the substantial constitutional questions raised by Gulf's counterclaim concerning due process limits upon retroactivity." *Citronelle, supra,* at 1156.

On August 28, 1978, the District Court certified the question to the TECA, pursuant to the Fifth Circuit Court of Appeals' direction. Citmoco's motion of September 6, 1978, to postpone procedural dates until November 10, 1978, or until 30 days after the United States Court of Appeals for the Fifth Circuit disposed of Citmoco's petition for rehearing in that court, whichever occurred last, was granted on September 12, 1978. Citmoco also sought, on September 6, 1978, vacation of the District Court's order certifying the cause to the TECA since the Fifth Circuit's mandate had not yet been issued and premature certification to the TECA was causing procedural problems before both courts. This motion was granted by the District Court on September 12, 1978. Citmoco's motion for rehearing and rehearing en banc before the Fifth Circuit was denied on October 20, 1978.

On November 16, 1978, District Judge Pittman entered his "Order Certifying Cause to the Temporary Emergency Court of Appeals," which was filed in TECA on November 22, 1978.

On November 21, 1978, the DOE moved to dismiss the action pursuant to TECA Rules 25(c) and 26 for lack of jurisdiction. The DOE argues that "where over two years have elapsed from entry of final judgment and where plaintiff voluntarily withdrew an appeal it originally had filed with this Court, this Court is without jurisdiction to review any issues raised by this action at this time." Memorandum in Support of Federal Defendant's Motion to Dismiss, p. 1. On November 30, 1978, Citmoco filed a motion to dismiss on the ground that "[t]his case did not 'arise' or 'commence' under the regulation authorized by the Emergency Petroleum Allocation Act of 1973, as amended, 15 U.S.C. § 751, *et seq.*, (EPAA) and hence, this case, in all its aspects, falls entirely outside the scope of this Court's limited jurisdiction." Memorandum of Citronelle-Mobile Gathering, Inc., in Response to Motion to Dismiss, p. 2.

## II. JURISDICTION

In creating the Temporary Emergency Court of Appeals, Congress gave the Court "exclusive jurisdiction of all appeals from the district courts of the United States in cases and controversies arising under this title or under regulations or orders issued thereunder." § 211(b)(2), Economic Stabilization Act of 1970 (ESA), 12 U.S.C. 1904 note (1977 supp.). Section 5(a)(1), Emergency Petroleum Allocation Act (EPAA), as amended, 15 U.S.C. § 754, carries forward this grant of special jurisdiction:

. . . [S]ections 209 through 211 of the Economic Stabilization Act of 1970 . . . shall apply to the regulation promulgated under section 4(a), to any order under this Act, and to any action taken by the President (or his delegate) under this Act, as if such regulation had been promulgated, such order had been

issued, or such action had been taken under the Economic Stabilization Act of 1970.

Plaintiff-appellant, Citmoco, has consistently characterized this case as merely involving a breach of contract and, therefore, as beyond the jurisdiction of this Court. Citmoco relies extensively on the Supreme Court decision in *Louisville & N.R.R. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1911), for the proposition that a case or controversy does not arise under the federal law where, as here, the required element of federal law is stated as a defense to the action. Citmoco does not dispute the fact that Gulf's counterclaim arises under the EPAA, but instead maintains that the presence of a federal question in the counterclaim is insufficient to invoke the jurisdiction of this Court. *Mottley* was handed down in 1911 under a completely different background and context.[3]

In *Mobil Oil Corp. v. Dominion Oil Co. Inc. and James R. Schlesinger,* 577 F.2d 735 (4 Cir. 1978), a diversity suit brought by Mobil for the balance of a note, the defendant raised two counterclaims, one of which asserted that Mobil had failed to comply with certain orders of the FEA. The Court of Appeals dismissed the appeal for lack of jurisdiction, relying on Congress' grant of exclusive jurisdiction to the TECA in § 211(b)(2), ESA and § 5(a), EPAA. In another case presenting a similar issue by way of a counterclaim, *Mountain Fuel Supply Co. v. R. Johnson and Johnson Oil Co.,* 586 F.2d 1375 (10 Cir. 1978), the Court of Appeals for the Tenth Circuit determined that federal question jurisdiction did in fact exist and that jurisdiction was vested in the TECA, despite plaintiff's characterization of the suit as one based on breach of contract:

---

**3.** The Emergency Petroleum Allocation Act of 1973 was enacted . . . against a background of severe shortage of crude oil and its products. The principal aims of the Act were to meet the nation's priority petroleum needs, to distribute the remaining available products equitably, and at equitable prices . . . .

House Report No. 94–340, quoted in *Mapco, Inc. v. Carter et al.,* 573 F.2d 1268, 1276 (TECA 1978), *cert. denied,* 437 U.S. 904, 98 S.Ct. 3090, 57 L.Ed.2d 1134 (1978). *See also, Condor Operating Co. v. Sawhill,* 514 F.2d 351 (TECA 1975), *cert. denied,* 421 U.S. 976, 95 S.Ct. 1975 (1975); *Basin, Inc. v. FEA,* 552 F.2d 931 (TECA 1977); *Mobil Oil Corp. v. FEA,* 566 F.2d 87 (TECA 1977).

We have previously noted that the issues tried in this case were those framed by the Johnson Counterclaim. The allegations set forth in that Counterclaim invoked and implicated United States laws under the ESA of 1970, 12 U.S.C.A. § 1904 Note (Supp. 77); the EPAA of 1973, 15 U.S.C.A. §§ 751 et seq., and the implementing regulations duly promulgated thereunder. 6 CFR § 150.353 (1974); 10 CFR § 211.63(a) (1977).

Gulf's counterclaim clearly arises under the EPAA and is so closely related to Citmoco's complaint that the resolution of the litigation in its entirety requires application and interpretation of the EPAA of 1973, as amended September 29, 1975. Just as the Court of Appeals for the Second Circuit recognized in *M. Spiegel & Sons Oil Corp. v. B. P. Oil Corp.*, 531 F.2d 669, 671 (1976), that "construction of the EPAA . . . will control the litigation," the determination of the proper price for the crude oil in this case depends on the retroactive application *vel non* of the EPAA amendments.

Given the compelling interest in the "prompt resolution of Stabilization Act questions," *Bray v. United States*, 423 U.S. 73, 96 S.Ct. 307, 46 L.Ed.2d 215 (1975), here, the question of the continuation of price controls during the period of September 1–29, 1975, and the importance of assuring "uniform interpretation of the substantive provisions of the stabilization scheme," *Bray, supra*, at 75, 96 S.Ct. at 309, this controversy clearly arises under the EPAA and is, therefore, within the jurisdiction of the TECA alone. The determination by the Fifth Circuit Court of Appeals that the District Court had not followed the proper certification procedure and had "erred in concluding that this case presented no substantial constitutional questions which required certification to TECA under section 211(c)," *Citronelle, supra*, at 1154, was an assertion of jurisdiction which it did not have.

This Court's decision in *United States v. Cooper*, 482 F.2d 1393 (1973), thus mandates dismissal of this appeal. Because the Fifth Circuit Court of Appeals had no jurisdiction to order the District Court to certify as a substantial constitutional question the issue of the retroactive application of the regulations under the EPAA of 1973, the certification cannot be treated as a valid notice of appeal. As this court noted in *Cooper, supra*, at 1400, the filing of a timely notice of appeal is mandatory and jurisdictional. See *United States v. Robinson*, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960). Final judgment was entered in this case on August 20, 1976. Citmoco filed a timely notice of appeal with the TECA on September 20, 1976, as required by TECA Rule 15 and § 211(e)(2), ESA. However, asserting that jurisdiction lay in the Court of Appeals for the Fifth Circuit and not in TECA, Citmoco, on November 1, 1976, moved to voluntarily withdraw its appeal and was granted leave to do so on December 7, 1976.

Contrary to Citmoco's assertion, the TECA had exclusive jurisdiction over the subject matter of this litigation when the original notice of appeal was filed. This Court's jurisdiction terminated upon Citmoco's voluntary withdrawal of its appeal, and it does not now have jurisdiction. Citmoco knowingly elected to pursue its appeal in the Fifth Circuit Court of Appeals and take the consequences.[4] Citmoco's Memorandum in Support of Motion for Leave to Withdraw Appeal, page 3, stated:

> Appellant . . . believes under the circumstances that it is entitled to pursue this litigation in an orderly manner and as in its judgment it best sees fit, taking cognizance of the risk of an adverse determination by the Fifth Circuit without further recourse to invoke the jurisdiction of this Court.

IT IS ORDERED AND ADJUDGED that this action be and hereby is DISMISSED for want of jurisdiction.

---

**4.** Substitution of the words "certification" and "on certification" in the record (Appendix) and other papers filed in this Court for the word "appeal" in those filed in the Fifth Circuit Court of Appeals cannot render torpid the expedited appellate process provided by Congress for controversies so obviously controlled by the mandatory pricing and allocation laws and regulations involved in this case. See *Bray v. United States*, 423 U.S. 73, 96 S.Ct. 307, 46 L.Ed.2d 215 (1975); TECA Rule 16.