**UNITED STATES of America and Harold Clements, II, Acting Regional Counsel, Department of Energy, Petitioners-Appellees,**

v.

**SOUTHWEST NATIONAL BANK,\* Defendant-Appellant,**

**J. R. Adams, Intervenor-Appellant,**

**OKC Corp., Applicant for Intervention-Appellant.**

**No. 5–35.**

Temporary Emergency Court of Appeals.

Submitted March 15, 1979.

Decided March 29, 1979.

Rehearing Denied April 27, 1979.

\* The First City National Bank was erroneously sued as the Southwest National Bank.

Timothy J. Herman, Rogers, Hughes & Herman, Austin, Tex., Earl L. Yeakel, III, Kammerman, Yeakel & Overstreet, Austin, Tex., Arthur Mitchell, and G. Scott Damuth, OKC Corp., Dallas, Tex., were on brief, for defendant-appellant.

Eloise E. Davies, Dept. of Justice, Washington, D. C., with whom Barbara Allen Babcock, Asst. Atty. Gen., and Jamie C. Boyd, U. S. Atty., San Antonio, Tex., were on brief, for petitioners-appellees.

Before ESTES, JOHNSON and GEWIN, Judges.

PER CURIAM.

On January 4, 1979, a joint notice of appeal was filed by the First City National Bank of El Paso (Bank), J. R. Adams, and OKC Corp. (OKC). The Bank appeals from an order entered by the District Court on December 15, 1978, denying its motion for rehearing under F.R.Civ.P. (R.) 60(b); Adams appeals from an order entered by the District Court on December 21, 1978, denying its motion for rehearing under R. 60(b); and OKC appeals from an order entered by the District Court on December 15, 1978, denying its post-judgment motion to intervene under R. 24.[1]

Appellants state the issue in this appeal as

whether the trial court erred in holding that it was without jurisdiction to consider motions, made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, for relief from a final order.[2]

---

1. The joint notice of appeal states that OKC appeals from the denial of a motion under R. 24 and R. 60; however, the record contains no motion by OKC under R. 60, and the District Court's order of December 15, 1978, refers only to OKC's motion under R. 24.

2. Appellants' Statement Pursuant to Rule 15(c) of the General Rules of the Temporary Emergency Court of Appeals of the United States, 1.

Appellants contend that new testimony, not available at the time of the November 2, 1978 subpoena enforcement proceeding in the District Court, contradicts statements by the government concerning the receipt and use of an allegedly privileged document, the "Report to Special Committee to OKC Corp. by Special Counsel" (OKC Report), and thus requires a new hearing under R. 60(b). This new evidence, according to Appellants, "surfaced" [3] in the December 11, 1978 deposition of David G. Ownby, a former employee of OKC, taken in an Oklahoma state court action brought by OKC against Ownby. Appellants claim that "Clements' [the government witness] version and Ownby's version of what occurred were . . . markedly different." [4]

On January 12, 1979, the government (Appellee) moved for dismissal of this appeal on the grounds that the District Court's denial of the Bank's and Adams' motions for rehearing was not an abuse of discretion; that the District Court's denial of OKC's post-judgment motion to intervene was not an abuse of discretion; and that Appellants' allegations of a "tainted" DOE civil investigation cannot transform a subpoena enforcement proceeding into a trial.

In their reply of January 24, 1979 to the Appellee's Motion to Dismiss, the Appellants urge that the District Court should hear "all relevant evidence as to the taking of the report by the DOE . . . ," [5] that the District Court did in fact have jurisdiction to rule on the R. 60(b) motions, and that OKC is entitled to intervene under R. 24(a) or R. 24(b).

Appellants claim that the District Court "specifically left open Appellants' right to reapply for a rehearing based upon further evidence of governmental misconduct." [6] According to Appellants, this newly discovered evidence relates to

[o]ne of the primary defenses asserted by the parties opposing the enforcement of the subpoena . . . that the investigation by the DOE was based on a Special Report prepared by a Special Committee of the Board of Directors of OKC Corp. (R. 8, 9). [footnotes omitted]. This report was authored by a Dallas law firm and subject to the legal protection given to confidential communications between an attorney and his client. Subsequently, the Report was stolen from OKC and given to two federal agencies, one of which was the DOE. [7]

■ Appellants, however, take an unjustifiably broad view of a subpoena enforcement proceeding. The court's role in such a proceeding is limited to determining whether the subpoena was issued for a lawfully authorized purpose and whether it seeks information relevant to the agency's inquiry. If these questions are resolved in the affirmative, the subpoena is valid and must be enforced. *United States v. Empire Gas Corp.*, 547 F.2d 1147, 1151–52 (Em.App. 1976), *Endicott-Johnson Corp. v. Perkins*, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424 (1943), *Oklahoma Press Publishing v. Walling*, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946). Other matters which a defendant may be entitled to present in defense against an administrative complaint or in collateral actions are not proper defenses in a subpoena enforcement proceeding, *Endicott-Johnson, supra* at 509, and, if allowed, would unnecessarily frustrate the agency's investigative and, ultimately, compliance enforcement efforts. In *Hannah v. Larche*, 363 U.S. 420, 443–444, 80 S.Ct. 1502, 1515, 4 L.Ed.2d 1307 (1960), the Supreme Court observed that ⋆

the investigative process could be completely disrupted if investigative hearings were transformed into trial-like proceedings . . . . Fact-finding agencies . . . would be diverted from their

---

**3.** Appellants' Brief (Apts.' Br.), 7.

**4.** Affidavit of Arthur Mitchell, General Counsel for OKC Corp., 4.

**5.** Appellants' Memorandum in Response to Appellee's Motion to Dismiss Appeal, 8.

**6.** Appellants' Memorandum in Support of Motion for Summary Remand, 2. The statement in the Record, p. 78, on which Appellants rely in their brief, 3, does not, however, bear out this contention.

**7.** Apts.' Br., 3.

legitimate duties and would be plagued by the injection of collateral issues that would make the investigation interminable. . . . This type of proceeding would make a shambles of the investigation and stifle the agency in its gathering of facts.

Appellants' argument that the DOE investigation is "tainted" by the use of the OKC Report, an allegedly privileged document, cannot be entertained as a defense against enforcement of the subpoena issued to the Bank. Issuance of a subpoena comes at an early stage of administrative action, as this Court recognized in *United States v. Empire Gas, supra* at 1152, n. 3:

> This is only the commencement of administrative procedures which must be exhausted prior to agency determination of violations of the Mandatory Allocation and Price Regulations. *See City of New York v. New York Telephone Co.,* 468 F.2d 1401, 1402 (Em.App.1972).

Section 211 of the Economic Stabilization Act, as amended, 12 U.S.C. § 1904 note (ESA), now incorporated in § 5(a)(1) of the Emergency Petroleum Allocation Act of 1973, as amended, 15 U.S.C. § 751 et seq. (EPAA), "was designed to provide speedy resolution of cases brought under the [ESA]." *Bray v. United States,* 423 U.S. 73, 74, 96 S.Ct. 307, 309, 46 L.Ed.2d 215 (1975). The rehearing sought by Appellants would in no way be consistent with this purpose, but would instead cause undue delay in the enforcement of the subpoena already found valid in *United States, et al. v. First City National Bank of El Paso, Texas, et al.,* TECA No. 5-33, 598 F.2d 594, decided March 5, 1979.

■ Furthermore, R. 60, under which Appellants seek rehearing, is a rule of equity which "attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done."[8] Appellants seek to use R. 60(b) as a vehicle for the presentation of evidence irrelevant to the sole issue before the District Court, that of the subpoena's validity. Appellants charac-

terize certain statements made by David Ownby in connection with an Oklahoma state court action brought by OKC against Ownby as "new evidence." However, even if construed in the light most favorable to Appellants, this "new evidence" would not *require the District Court to quash the subpoena.* The District Court correctly found the issue of the use of the OKC Report, on which Appellants'. R. 60(b) motions are based, to be remote to the question of the enforcement of the subpoena issued to the Bank for the records of two private depositors.[9] Clearly, then, Appellants have suffered no harm or prejudice as a result of the District Court's denial of these motions. No valid reason exists for remanding this proceeding to the District Court for presentation of this kind of "new evidence." "[T]he underlying public interest in such a vital source of energy for our day as oil", *Railroad Com. v. Rowan & Nichols Oil Co.,* 310 U.S. 573, 580, 60 S.Ct. 1021, 1024, 84 L.Ed. 1368, calls for prompt enforcement of the subpoena in question. All relief sought by Appellants is denied.

IT IS SO ORDERED.

---

**8.** 11 Wright & Miller, Federal Practice and Procedure, § 2851.

