UNITED STATES of America,
Plaintiff-Appellee,

v.

W. Darrell ZANG and Louis Porter,
Defendants-Appellants.

Nos. 10–29, 10–30.

Temporary Emergency Court of Appeals.

May 22, 1981.

Rehearing and Rehearing En Banc
Denied June 23, 1981.

See also, Em.App., 645 F.2d 999.

B. Hayden Crawford, Crawford, Crowe & Bainbridge, Tulsa, Okl., Hiram Eastland, Jr., Crosthwait, Terney, Noble & Eastland, Indianola, Miss., John D. Field, III, Jerris Leonard & Associates, P. C., Washington, D. C., and James C. Lang, Sneed, Lang, Adams, Hamilton, Downie & Barnett, Tulsa, Okl., for appellants, W. Darrell Zang and Louis Porter.

Hubert H. Bryant, U. S. Atty., N. D. Okl., Tulsa, Okl., and Stephen P. Learned, U. S. Dept. of Justice, Washington, D. C., for appellee, U. S.

Before INGRAHAM, ESTES and PECK, Judges.

PER CURIAM:

█ Defendants-Appellants, W. Darrell Zang and Louis Porter (hereinafter "Appellants"), appeal from the order entered on November 7, 1980 by the United States District Court for the Northern District of Oklahoma overruling a motion for judgment of acquittal, a motion for new trial, and a motion in arrest of judgment from the judgment of conviction and sentence of Appellants of sixteen counts of Title 18 U.S.C. felony offenses, i. e., conspiracy, mail fraud, wire fraud, and racketeering. An appeal of this action is also pending in the United States Court of Appeals for the Tenth Circuit (No. 80–2227).

The Court has carefully considered the motion of Appellee, United States, for dismissal of these appeals (Nos. 10–29 and 10–30), Appellants Zang and Porter's response thereto, and the Reply of the United States to the Memorandum of Appellants in Opposition to the Motion to Dismiss the Appeals. Based upon the reason and authority cited in this Court's decision of March 5, 1981 in TECA No. 10–26, *United States v. Zang and Porter*, 645 F.2d 999, the Court concludes it has no jurisdiction of these appeals and that such appeals should be dismissed for want of jurisdiction.

In TECA No. 10–26 we dismissed Appellants' appeal of an order entered July 18, 1980 by the United States District Court for the Northern District of Oklahoma, which order denied Appellants' motions to dismiss a 16-count indictment (Appendix A to TECA 10–26 opinion) charging both Appellants with violations of certain general criminal statutes, Title 18 U.S.C. § 371 (conspiracy), §§ 1341 and 2 (mail fraud and principals), §§ 1343 and 2 (wire fraud and principals) and §§ 1962(a) and 1963 [racketeering (RICO)].

In dismissing No. 10–26 we concluded that "this court lacks jurisdiction of this appeal and, in any event, the order of the district court appealed from … was correct, and appellants' request for issuance of this court's writ of mandamus ordering the district court to sustain their motions to dismiss the indictment should be denied and that this appeal should be dismissed." *United States v. Zang and Porter, supra*, p. 1005. Our opinion in 10–26, *United States v. Zang and Porter*, 645 F.2d 999, 1002–1003 states:

[T]he Temporary Emergency Court of Appeals (TECA) lacks jurisdiction of this appeal.

Section 211(b)(2) of the Economic Stabilization Act of 1970 (ESA) provides that the Temporary Emergency Court of Appeals shall have "exclusive jurisdiction of all appeals from the district courts of the United States in cases and controversies arising under this title or under regulations or orders issued thereunder." 12 U.S.C. § 1904 note (1977 supp.). Section 5(a)(1) of the Emergency Petroleum Allocation Act (EPAA), as amended, 15 U.S.C. § 754, incorporates and carries forward this grant of special jurisdiction.

The district court's July 18 order denying defendants' motions to dismiss the indictment is not a "case or controversy arising under the EPAA, as amended." The Title 18 offenses charged in the indictment are not actions giving rise to TECA jurisdiction even if connected with

regulatory violations. *United States v. Cooper*, 482 F.2d 1393 (Em.App.1973). In *Cooper* the defendant was indicted for violations of regulations promulgated by the Economic Stabilization Act, by raising rents, failing to keep rent records, and by taking retaliatory action against tenants. He was also indicted for making false statements in violation of 18 U.S.C. § 1001, by lying about rent increases. At trial Cooper was acquitted on all counts except the false statement count in violation of Title 18 U.S.C. § 1001 and the count charging him with taking retaliatory action against tenants. He appealed the conviction on these counts to the Ninth circuit which transferred the case to the TECA. TECA concluded as follows:

"We do not believe that the charge in Count 1, based on 18 U.S.C. § 1001, arises within the appellate jurisdiction of the TECA. We start with the premise that a conviction under 18 U.S.C. § 1001 would be appealable only to a court of appeals, under 28 U.S.C. § 1291, unless the Stabilization Act provides otherwise. We find nothing in Section 211(b)(2) of the Act which so provides. Section 211(b)(2) speaks of 'controversies arising under this title or under regulations or orders issued thereunder.' We do not think that Count 1, being based on 18 U.S.C. § 1001, was a controversy 'arising under' any title of the Stabilization Act or under regulations or orders issued thereunder.

\* \* \* \* \* \*

"The language in the Stabilization Act, 'in cases and controversies arising under this title' would require a loose construction in order to cover the charge in Count 1 of false representations on matters of rent control. Such a loose construction is unacceptable in light of the traditional rule that courts of special jurisdiction should strictly construe their statutory grants of jurisdiction.

"Moreover, there is no indication that Congress intended to include existing offenses, already covered by Title 18, under the umbrella of the Stabilization Act. There was surely no need for such double coverage. The ordinary criminal statutes remain available to the prosecutor, and in fact the prosecutor in this case used such statutes in the indictment against Cooper. (Footnote omitted)

"We therefore hold that the charge in Count 1, based on 18 U.S.C. § 1001, was not a case or controversy arising under the Stabilization Act." 482 F.2d at 1397–1398.

In *Bray v. United States*, 423 U.S. 73, 96 S.Ct. 307, 46 L.Ed.2d 215 (1975), the Supreme Court stated with reference to Section 211(b)(2) of the ESA, as amended:

"This judicial-review provision was designed to provide speedy resolution of cases brought under the Act and 'to funnel into one court all the appeals arising out of the District Courts and thus gain in consistency of decision.' S.Rep.No. 92–507, p. 10 (1971), U.S. Code Cong. & Admin.News 1971, pp. 2283, 2292.

\* \* \* \* \* \*

"Nothing in the Act or in its legislative history indicates that Congress intended 'to include existing offenses, already covered under Title 18, under the umbrella of the Stabilization Act.' *United States v. Cooper*, 482 F.2d 1393, 1398 (TECA 1973). Review in the TECA of criminal contempt convictions relating to compliance investigations or enforcement efforts is not necessary to assure uniform interpretation of the substantive provisions of the stabilization scheme. Indeed, a requirement of such review would only serve to undermine the prompt resolution of Stabilization Act questions by burdening the TECA with additional appeals." (Footnote omitted) 96 S.Ct. 307, 309, 645 F.2d 1002–1003.

Our opinion in 10–26 adds:

Appellants [took] the position that TECA has jurisdiction of this appeal be-

cause 'the real basis of the controversy is the EPAA (15 U.S.C. § 751, et seq.)' . . . and 'that U.S.C. § 754 specifically superseded or preempted the general criminal statute' . . . , thereby making this a case arising under the EPAA, as amended. 645 F.2d 1003.

This Court rejected that argument, stating: The authorities cited in the district court's order appealed from sustain the conclusion that the EPAA as amended in 15 U.S.C. § 754 did not supersede nor impliedly repeal the application of the provisions of the criminal statutes with which defendants were charged in the indictment. 645 F.2d 1004.

\* \* \* \* \* \*

Appellants have failed to show that Congress intended, in enacting the EPAA amendments of 1975, including 15 U.S.C. § 754 which provides maximum misdemeanor criminal penalties for violations of the EPAA and regulations promulgated thereunder, to take away from the American people the protections afforded by the federal felony mail fraud, wire fraud, racketeering (RICO) and conspiracy statutes simply because defendants' conduct may also violate the EPAA providing misdemeanor punishment with conditional one-year maximum term of imprisonment. 645 F.2d 1005.

Appellants make the patently erroneous contention that they were charged with willful violation of the EPAA miscertification regulations. They were not so charged. They were indicted by a grand jury, as mandated by the Fifth Amendment to the Constitution of the United States, and convicted in a jury trial of Title 18 U.S.C. felony offenses of conspiracy, mail and wire fraud and conducting a racketeering enterprise. Their guilt or innocence of the issues framed by the counts in that indictment are the only material dispositive issues in this case. Appellants' repeated efforts to have this court take over jurisdiction of Zang and Porter's appeals have re-

sulted in delay in the disposition of these appeals by the Tenth Circuit Court of Appeals upon which Congress has expressly conferred jurisdiction under 28 U.S.C. § 1291, and it is inimical to the goal of expeditious review of criminal cases for this Court to interfere with the Tenth Circuit Court in the disposition of these appeals.

Appellants' reliance on cases like *Citronelle-Mobile Gathering Inc. v. Gulf Oil Corp.*, 591 F.2d 711 (Em.App.1979), *cert. denied*, 444 U.S. 879, 100 S.Ct. 168, 62 L.Ed.2d 109, is misplaced. In that case Citronelle sued Gulf for the contract price of crude oil, and Gulf raised the affirmative defense of illegality of such price under the EPAA pricing regulations. The court in *Citronelle* stated:

"[T]he resolution of the litigation in its entirety requires application and interpretation of the EPAA of 1973, as amended September 29, 1975. . . . '[C]onstruction of the EPAA . . . will control the litigation,' the determination of the proper price for the crude oil in this case depends on the retroactive application *vel non* of the EPAA amendments." *Citronelle-Mobile, supra,* at 716.

Appellants in the instant litigation raised no such affirmative defense. Obviously, a resolution of an issue whether Zang and Porter violated an EPAA misdemeanor miscertification regulation *would not* "resolve this [felony] litigation \* in its entirety."

■ TECA has uniformly applied the traditional rule that "courts of special jurisdiction should strictly construe their statutory grants of jurisdiction." *Texaco v. D.O.E.*, 616 F.2d 1193, 1197 (Em.App.1979), quoting *United States v. Cooper*, 482 F.2d 1393, 1398 (Em.App.1973).

It is therefore ORDERED and ADJUDGED that the appeals of Appellants, Zang and Porter, in TECA Nos. 10–29 and 10–30 be and arc hereby DISMISSED FOR WANT OF JURISDICTION.

---

\* "[O]f a far more general and important character, and essential to the security of the [nation]." This court's opinion, in TECA No. 10–26, *United States v. Zang and Porter*, 645 F.2d 999, at 1004–1005, citing *Wood v. United States*, 41 U.S. (16 Pet) 342, 366, 10 L.Ed. 987 (1842).