**UNITED STATES of America, et al.,**
**Plaintiffs-Appellees,**

v.

**PEL–STAR ENERGY, INC.,**
**Defendant-Appellant.**

**No. 5–68.**

Temporary Emergency Court of Appeals.

Jan. 25, 1982.

As Amended Feb. 8, 1982.

William H. Bode and Cliff G. Russell, Batzell, Nunn & Bode, Washington, D. C., were on the brief for appellant, Pel-Star Energy, Inc.

J. Paul McGrath, Asst. Atty. Gen., and R. John Seibert and Mellie H. Nelson, Attys., Dept. of Justice, Washington, D. C., were on the brief for appellees, United States of America, et al.

Before INGRAHAM, ESTES and SPEARS, Judges.

ESTES, Judge.

This is an appeal from a judgment entered on October 9, 1981, by the United States District Court for the Northern District of Texas sustaining a Petition to Enforce Subpoena filed on June 23, 1981 by the United States and Ernest D. Moore on behalf of the Secretary and Department of Energy (DOE).

Defendant/Appellant, Pel-Star Energy, Incorporated (Pel-Star), is a company engaged in the business of purchasing and reselling crude oil. On February 5, 1981, a DOE auditor and another DOE employee went to Pel-Star's offices and inquired about its crude oil business records. On February 9, 1981, after DOE representatives requested and had been refused permission to examine and copy Pel-Star's reseller records, DOE served a subpoena, re-

questing certain documents "... relating to the formation and ownership of Pel-Star Energy, Inc. ... [and] all documents or records ... relating to Pel-Star Energy, Inc.'s purchases, sales, exchanges, and acquisitions and dispositions of crude oil during the period from June 1, 1979 through January 27, 1981...." [Stipulated Record (R.), 6]

Pel-Star sought administrative review of the subpoena pursuant to 10 C.F.R. § 205.-8(b)(4). Thereafter, DOE issued a notice of receipt of the request for review and pursuant to 10 C.F.R. § 205.8(b)(5) extended the date for compliance to April 19, 1981.

Pursuant to a Show Cause Order issued on June 24, 1981 by District Judge Barefoot Sanders, a show cause hearing was held on October 9, 1981. [R. 9] The record shows that an audit and investigation of Pel-Star by DOE beginning in February 1979 was continued through July 1979. No final audit report closing the 1979 audit/investigation was ever issued. The record reflects that between July 1979 and February 5, 1981 Pel-Star was the subject of a continuing audit and investigation. [R. 116–122] At the close of the show cause hearing the careful District Judge made the following findings and conclusions:

That the inquiry here is within the authority of the agency and pursuant to the face of the subpoena and pursuant to the applicable statutes and regulations and cases that it is for a lawful purpose.

I further find and conclude that the demand made by the subpoena is reasonable and the subpoena itself is made with reasonable specificity. It is not overly broad.

I further find and conclude that the information sought by the subpoena is reasonably relevant, that it is not unduly burdensome, the subpoena and for the request therein made and demands therein made and it seeks information which is not in the possession of the Department of Energy.

I find and conclude further that all necessary and appropriate administrative procedures have been complied with.

The subpoena has not been modified or rescinded because there is no need to do so and I will therefore grant the petition .... [R. 135–136]

Judge Sanders entered a judgment in accordance with his findings, ordering Pel-Star to obey the subpoena by November 16, 1981, but on October 19, 1981 stayed that order pending the outcome of this appeal.

Pel-Star has stated the issues on this appeal as:

1. Whether this Court has exclusive jurisdiction to determine the validity of the administrative subpoena which was issued by the Department of Energy ... and enforced by the Court below.

2. Whether the district court erred in concluding that the DOE subpoena involved in this case was (a) issued for, and sought information relevant to, a properly articulated, lawful statutory purpose and (b) was not unduly burdensome and overbroad. [Appellant's Br., 1]

Pel-Star "filed a protective notice of appeal with the United States Court of Appeals for the Fifth Circuit. Proceedings in the Fifth Circuit have been stayed pending this Court's determination of its jurisdiction over Pel-Star's appeal." [Appellant's Br., 6]

We hold this Court has exclusive jurisdiction of this appeal. §§ 206 and 211 Economic Stabilization Act (ESA) of 1970, as amended, 12 U.S.C. § 1904 note [incorporated by § 5(a)(1) of the Emergency Petroleum Allocation Act (EPAA) of 1973, 15 U.S.C. § 754], §§ 301, 502 and 705 of the Department of Energy Organization Act (DOEOA), 42 U.S.C. §§ 7151, 7192 and 7295, and 10 C.F.R. §§ 205.8 and 205.201. This Court has repeatedly upheld enforcement of DOE's and its predecessor agencies' subpoenas seeking similar information relevant to the same lawfully authorized purpose. *United States v. Empire Gas Corp.,* 547 F.2d 1147 (TECA 1976), *cert. denied,* 430 U.S. 915, 97 S.Ct. 1326, 51 L.Ed.2d 592 (1977), *United States v. Bell,* 564 F.2d 953 (TECA 1977), *United States v. First City National Bank of El Paso,* 598 F.2d 594 (TECA 1979), *United States v. Southwest National Bank,* 598 F.2d 600 (TECA 1979),

*United States v. Wickland*, 619 F.2d 75 (TECA 1980), *United States v. Pasco Petroleum Co.*, 633 F.2d 956 (TECA 1980), *cert. denied*, 450 U.S. 995, 101 S.Ct. 1698, 68 L.Ed.2d 195 (1981).

The subpoena in question is valid and enforceable. In *Pasco, supra*, at p. 959, this Court stated:

> Congress conferred broad subpoena authority on DOE by § 5(a)(1) of the Emergency Petroleum Allocation Act, as amended, 15 U.S.C. § 751 et seq., incorporating § 206 of the Economic Stabilization Act of 1970, 12 U.S.C. § 1904 note; § 13(b), (e)(1) of the Federal Energy Administration Act of 1974, 15 U.S.C. § 761 et seq.; and § 645 of the Department of Energy Organization Act, 42 U.S.C. § 7101 et seq., which grants to the Secretary of Energy and his duly authorized agents the same powers and authority granted the Federal Trade Commission under the FTC Act, 15 U.S.C. § 49, which authorizes the Commission "to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation." The regulations promulgated pursuant to these statutes, 10 C.F.R. §§ 205.201(a), 205.8, in no way restrict the subpoena authority of the DOE.

The subpoena is specific and not overly broad nor unduly burdensome. *Empire Gas, supra*, 1154, *Bell, supra*, 961. Pel-Star's argument that statements regarding DOE policy in its Enforcement Manual require quashing of the subpoena is without merit in law or fact. *Pasco, supra*, 958–959; Accord, *American Farm Lines v. Black Ball Freight*, 397 U.S. 532, 538–539, 90 S.Ct. 1288, 1292, 25 L.Ed.2d 547 (1970), *United States v. Caceres*, 440 U.S. 741, 99 S.Ct. 1465, 1470, 59 L.Ed.2d 733 (1979).

The findings and conclusions of the District Judge are supported by the record and the controlling authorities, and the challenges made to the subpoena in question and its enforcement are completely without merit. The judgment of the District Court should be affirmed and this appeal dismissed.

IT IS SO ORDERED.