UNITED STATES of America, et al.,
Petitioners-Appellees,

v.

ANDRUS ENERGY CORPORATION, et al., Respondents-Appellants.

UNITED STATES of America,
Petitioner-Appellee,

v.

ROBISON ENERGY, INC. and Gary Womack, Vice President,
Respondents-Appellants.

Nos. 5–71, 5–77 and 5–72.

Temporary Emergency Court of Appeals.

April 9, 1982.

Albert E. Vacek, Jr. and Steven L. Weltman, Vacek & Weltman, P. C., Houston, Tex., were on the briefs for appellants Andrus Energy Corp., et al. and Robison Energy, Inc., et al.

Daniel K. Hedges, U. S. Atty., and C. J. (Neil) Calnan and Robert Darden, Asst. U. S. Attys., Houston, Tex., were on the brief for appellees, United States of America, et al. in Nos. 5–71/5–77.

Daniel K. Hedges, U. S. Atty., and C. J. (Neil) Calnan and M. Angela Flores, Asst. U. S. Attys., Chief, Civil Division, Houston, Tex., were on the brief for appellee, United States of America, in No. 5–72.

Before INGRAHAM, ESTES and POINTER, Judges.

PER CURIAM:

Appellants' challenges of the Department of Energy subpoenas in question and the orders enforcing them by United States District Judges Singleton and Black of the Southern District of Texas are frivolous and entirely without merit.

This court has repeatedly upheld enforcement of DOE's and its predecessor agencies' subpoenas seeking similar information relevant to the same lawfully authorized purpose. *United States v. Empire Gas Corp.,* 547 F.2d 1147 (Em.App.1976), *cert. denied,* 430 U.S. 915, 97 S.Ct. 1326, 51 L.Ed.2d 592 (1977), *United States v. Pasco Petroleum Co.,* 633 F.2d 956, 958–9 (Em.App.1980), *cert. denied,* 450 U.S. 995, 101 S.Ct. 1698, 68 L.Ed.2d 195 (1981), *United States v. Fitch,* (Em.App.1982), 676 F.2d 673, *United States v. Pel-Star Energy, Inc.,* (Em.App.1982), 670 F.2d 1032, 1033, *United States v. Wickland,* 619 F.2d 75 (Em.App.1980), *United States v. First City National Bank of El Paso,* 598 F.2d 594 (Em.App.1979), *United States v. Southwest National Bank,* 598 F.2d 600 (Em.App.1979), *United States v. Bell,* 564 F.2d 953 (Em.App.1977). The subpoenas in question are valid and were properly enforced.

Moreover, the contentions of Appellants that the DOE audit policy statement barred the issuance and enforcement of the subpoenas in question overlooks the fact that

when read as a whole with the preamble * published contemporaneously therewith, 43 Fed.Reg. 27,777, the policy applies to resellers of *petroleum products* but for expressed reasons clearly excepts from its operation resellers of *crude oil*, which Appellants are.

"Basically, the power to compel the production of the records of any organization arises out of the inherent and necessary power of the federal and state governments to enforce their laws...." *United States v. White*, 322 U.S. 694, at 701, 64 S.Ct. 1248, at 1252, 88 L.Ed. 1542 (1944), quoted in *United States v. Empire Gas Corp., supra*, at 1153. The learned district judge in *Empire Gas Corp.* correctly stated: "It is ... significant that the applicability of the regulations to respondents cannot be determined until the information sought by subpoena is made available to the [DOE] investigators." *Id.*

The orders and judgments of the District Court in the above-captioned appeals, Nos. 5–71/5–77 and 5–72, should be affirmed and these appeals dismissed. IT IS SO ORDERED.

IT IS SO ORDERED.

---

* *Wiggins Bros., Inc., et al. v. Department of Energy, et al.*, 667 F.2d 77, 88 (Em.App.1981), cert. denied, —— U.S. ——, 102 S.Ct. 1749, 72 L.Ed.2d 161; *Gulf Oil Corp., et al. v. Department of Energy, et al.*, (Em.App.1982), 671 F.2d 485.