**UNITED STATES of America and Ernest D. Moore, Petitioners-Appellees,**

v.

**TED TRUE, INC., Respondent-Appellant.**

No. 5–79.

Temporary Emergency Court of Appeals.

Submitted on Briefs.

Decided Aug. 18, 1982.

Rehearing Denied Sept. 17, 1982.

Molly Steele and James B. Harris, Thompson & Knight, Dallas, Tex., were on the briefs, for respondent-appellant.

James A. Rolfe, U. S. Atty., and Larry R. Patton, Asst. U. S. Atty., Dallas, Tex., were on the brief, for petitioners-appellees.

Before ESTES, SPEARS and POINTER, Judges.

PER CURIAM.

This appeal is from an order of the United States District Court for the Northern District of Texas, enforcing, as modified, a subpoena issued by the Department of Energy (DOE) to Ted True, Inc. (Ted True).

Ted True is a corporation engaged in the purchase and sale of crude oil. As part of an audit/investigation of the corporation's compliance with DOE's mandatory petroleum price allocation regulations, Ted True was served with a Special Report Order (SRO) requiring a self-audit. When the corporation failed to comply with the SRO, DOE issued a subpoena *duces tecum* requiring the production of certain business records. Ted True did not produce the required records and DOE petitioned the district court for enforcement of the subpoena. After a show cause hearing on April 2, 1982, the district court, on April 13, 1982, ordered the corporation to comply with the DOE subpoena, as modified.[1]

1. The district court's order provided in pertinent part:

In its appeal, Ted True argues (1) that the government failed to meet its burden of proof for enforcement of the subpoena, and (2) that the subpoena is unenforceable because it seeks information irrelevant to the investigation.

With respect to the burden of proof argument, raised for the first time on appeal, Ted True contends that in order to enforce the subpoena, DOE must satisfy the four requirements set out in *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).[2] This issue, however, is foreclosed against the corporation by the opinion of this Court in *United States v. Bell*, 564 F.2d 953, 959 (Em.App.1977), and warrants no further discussion here.

Ted True's second argument is that the information sought is not relevant to DOE's investigation, and is overly broad, vague, and burdensome.

Having considered the Request for Judicial Notice filed on behalf of the United States, and the reply thereto of Ted True, the Court hereby takes judicial notice of the fact that the DOE subpoena at issue in this case is in all material aspects a verbatim copy of the DOE subpoena in *United States v. Pel-Star Energy, Inc.*, 670 F.2d 1032 (Em.

> "The Court is of the opinion that a protective order or the equivalent thereof, together with the following requirements, will adequately protect Respondent's interests while permitting the DOE to enforce their subpoena in a reasonable manner:
> 1. The Government must provide Respondent with adequate notice regarding the production of documents and Government visits to Respondent's office;
> 2. Respondent is ordered to produce all documents responsive to the DOE subpoena issued on February 5, 1981, upon reasonable notice by the DOE, but in no event is Respondent ordered to comply before twenty days of the filing of this Order, unless the parties otherwise agree;
> 3. The Government may inspect Respondent's documents only within reasonable business hours;
> 4. In the event the Government seeks to make duplicate copies of documents off Respondent's premises, Respondent is entitled to have a company representative accompany the Government at these times;
> 5. The Government is required to conduct its investigation as quickly and reasonably as possible."

App.1982). *United States v. Bell, supra*, at 960. "This Court has repeatedly upheld enforcement of DOE's and its predecessor agencies' subpoenas seeking similar information relevant to the same lawfully authorized purpose." *Pel-Star, supra*, at 1033. Accord, *United States v. LaJet*, 685 F.2d 1378 (Em.App., 1982).

In accordance with the authorities cited in *United States v. Andrus Energy Corp.*, 678 F.2d 1081 (Em.App.1982),[3] we hold that Ted True's challenge of the DOE subpoena in question, and the order enforcing it by the district court, is frivolous and entirely without merit; and that the subpoena is valid and properly enforced.

The order and judgment of the district court appealed from should be and is hereby affirmed, and this appeal dismissed.

IT IS SO ORDERED.

2. The requirements are (1) that the investigation was conducted pursuant to a legitimate purpose, (2) that the inquiry was relevant to that purpose, (3) that the government does not already have the information sought, and (4) that the required administrative steps have been followed.

3. *United States v. Empire Gas Corp.*, 547 F.2d 1147 (Em.App.1976), cert. denied, 430 U.S. 915, 97 S.Ct. 1326, 51 L.Ed.2d 592 (1977); *United States v. Pasco Petroleum Co.*, 633 F.2d 956, 958–9 (Em.App.1980), cert. denied, 450 U.S. 995, 101 S.Ct. 1698, 68 L.Ed.2d 195 (1981); *United States v. Fitch*, 676 F.2d 673 (Em.App. 1982); *United States v. Pel-Star Energy, Inc., supra*; *United States v. Wickland*, 619 F.2d 75 (Em.App.1980); *United States v. First City National Bank of El Paso*, 598 F.2d 594 (Em.App. 1979); *United States v. Southwest National Bank*, 598 F.2d 600 (Em.App.1979); *United States v. Bell, supra*. See also *United States v. LaJet*, 685 F.2d 1378 (Em.App. 1982); *United States v. Lotus Petroleum, Inc.*, 678 F.2d 1082 (Em.App.1982).