**UNITED STATES of America, Plaintiff-Appellant,**

v.

**HOLLINGSWORTH OIL COMPANY, Glenn Hollingsworth, Ronnie Hollingsworth, Jr., Defendants-Appellees.**

**No. 6–34.**

Temporary Emergency Court of Appeals.

April 25, 1985.

Before CHRISTENSEN, METZNER and DAUGHERTY, Judges.

## ORDER DENYING STAY AND DISMISSING APPEAL

PER CURIAM.

The United States has appealed from an order of the United States District Court for the Middle District of Tennessee dismissing a four count criminal indictment charging defendants with violations of 18 U.S.C. §§ 1001 and 371 as they related to alleged false statements in the course of the Tennessee State Set Aside Program authorized by the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. § 751, *et seq.*, and its regulations.

The defendants-appellees have moved to dismiss this appeal upon the ground that the matters adjudicated by the district court do not involve issues arising out of or related to the Economic Stabilization Act or the Emergency Petroleum Allocation Act and thus jurisdiction is lacking in this court. Without responding to this motion as authorized by Rule 26 of our General Rules, appellant has filed a motion to stay this appeal until the Sixth Circuit has decided the Government's "precautionary" appeal of the same case to it.

Our ruling on the motion to dismiss the appeal to this court is deemed controlled by *Bray v. United States,* 423 U.S. 73, 96 S.Ct. 307, 46 L.Ed.2d 215 (1975).[1] *See also, United States v. Cooper,* 482 F.2d 1393 (Em.App.1973); *United States v. Zang,* 645 F.2d 999 (Em.App.), *cert. denied,* 454 U.S. 864, 102 S.Ct. 323, 70 L.Ed.2d 164 (1981); *United States v. Uni Oil, Inc.,* 646 F.2d 946 (5th Cir.1981). Accordingly, the appellant's motion for stay should be denied and the appellees' motion for dismissal of this appeal should be granted.

IT IS SO ORDERED.

1. All the more compelling here because the dismissal of the indictment by the district court was predicated upon the wholly non-ESA/EPAA ground of the "Government's negligence in failing to protect the documents and the resulting prejudice to the defendants' ability to put on an adequate defense" in the light of the Due Process Clause of the Fifth Amendment. (District Court's Memorandum and Order dated February 8, 1985, at 9.)