INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 1466, Plaintiff,

v.

George H. BOLDT, Chairman, Pay Board, et al., Defendants.

Civ. A. No. 73–126.

United States District Court, S. D. Ohio, E. D.

Jan. 9, 1975.

**492**

David Clayman, Columbus, Ohio, for plaintiff.

Carla A. Hills, Asst. Atty. Gen., New York City, William W. Milligan, U. S. Atty., Albert R. Ritcher, Asst. U. S. Atty., David M. Selcer, Columbus, Ohio, for defendants.

## MEMORANDUM AND ORDER

DUNCAN, District Judge.

This is a timely appeal filed by the International Brotherhood of Electrical Workers, Local 1466 ("IBEW Local 1466") from the Decision and Order (Pay Board Control No. 10000) of the Chairman of the Pay Board, Executive Office of the President, dated February 22, 1973. Jurisdiction of the Court is authorized under § 211 of the Economic Stabilization Act ("Act"), which is set out in the annotation under 12 U.S.C.A. § 1904.

IBEW Local 1466 entered into a collective bargaining agreement with the Columbus and Southern Ohio Electric Company (the "employer"), employer of the workers represented by plaintiff union, which agreement became effective July 1, 1971, prior to the inception of the Stabilization Program. The agreement provided for deferred wage increases of 8.4% which were to take effect on July 1, 1972. In August of 1972, the Pay Board challenged the increases as being unreasonably inconsistent with the general wage and salary standard of 5.5% provided for in the Act, and it requested that the employer and IBEW Local 1466 submit information concerning these planned increases. Subsequently, the Pay Board made a determination, affirmed on reconsideration, that the increases be limited to 7% rather than the desired 8.4%. It is from this decision that plaintiff union appeals.

■ Both the union and the defendants have moved for summary judgment, asserting that there are no genuine issues as to any material facts and demanding judgment as a matter of law. This Court agrees that the only issue before it is whether the determination of the Pay Board was founded on a rational basis and supported by substantial evidence. See § 211(d)(1) of the Act.

In an affidavit accompanying the federal defendants' motion for summary judgment, F. Scott Bush, as Staff Director of the Pay Board Cases and Appeals Panel, outlined the process undertaken by the Pay Board before reaching its determination. Under § 203(c)(1) of the Act the President has no authority over wages and salaries scheduled to take effect after November 13, 1971, unless "the increase provided in such a contract is unreasonably inconsistent with the standards for wage and salary increases published under subsection (b)." The standard which has been set according to the power authorized in subsection (b) is 5.5%. 6 C.F.R. § 201.10(a). Any increase above this standard is unreasonably inconsistent unless the evidence submitted in its support establishes that the increase meets one of the criteria set out in the regulations. The applicable criteria are the exceptions set out at 6 C.F.R. § 201.11, and those to be utilized in reviewing deferred increases, set out at 6 C.F.R. § 201.17. The exceptions contained in 6 C.F.R. § 201.11 dictate that one of the following situations must be found to exist:

1. A tandem relationship exists between a party at interest and another bargaining unit.

2. The increases are necessary to retain the services of essential employees.

3. The increases are catch-up increases provided for in a contract entered into prior to November 14, 1972.

4. The increases include a cost-of-living adjustment, which when altered by Pay Board calculation, limits the wage increase to 5.5% or less.

5. The increases contained certain merit increases.

6. The increases are necessary to equalize wages received under Federal, state or local determination with those received by certain non-governmental workers.

7. The qualified benefit increase bears a tandem relationship to that received by another bargaining unit.

8. The increases are necessary to relieve intra-unit inequities.

The Pay Board found that the evidence does not support the granting of an exception under any of these provisions.

In addition, 6 C.F.R. § 201.14(d), as it then read, allowed the Pay Board to consider such factors as changes in productivity and cost of living, ongoing collective bargaining and pay practices, the equitable position of the employees involved, and such other factors as are necessary to foster economic growth and to prevent gross inequities, hardships, serious market disruptions, domestic shortages of raw materials, localized shortages of labor and windfall profits. The Pay Board found that the evidence submitted did not support the granting of the increases pursuant to any of these criteria.

Despite these findings, the Pay Board did allow increases above the 5.5% standard. In granting an increase of 7% the Board sought to balance the need to stabilize the economy with the Congressional intent as reflected in § 203(c)(1) of the Act, to treat deferred increases more favorably. The 7% figure was selected because it reflected the average yearly wage and benefit increase in new contracts negotiated during the three years prior to 1971.

■■ In its cross motion for summary judgment, plaintiff does not rebut the facts as presented by the defendants. Rather, it asked this Court to take in effect a hindsight view of the Board's decision. Citing the substantial rise in prices in the year since the decision, plaintiff argues that the Pay Board "completely misjudged the 'potential inflationary impact' " of its requested increase. Because of this alleged misjudgment, plaintiff would have this Court find the Pay Board's action arbitrary and unreasonable. I conclude, however, that this Court's scope of review is more limited than that which the plaintiff seeks. My review must be limited to a consideration of the evidence before the Pay Board when it reached its decision; it is not this Court's function to scrutinize the action taken and to conclude, in hindsight, that it was or was not reasonable in the economic scheme of things. See United States v. Bianchi, 373 U.S. 709, 83 S.Ct. 1409, 10 L.Ed.2d 652 ·(1963). I find that the Pay Board's decision is based upon substantial evidence.

Accordingly it is hereby ordered that defendants' motion for summary judgment be granted; and it is further

Ordered that plaintiff's cross-motion for summary judgment be denied.