INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 1466, Plaintiff-Appellant,

v.

George H. BOLDT, Chairman, Pay Board, et al., Defendants-Appellees.

No. 6–9.

Temporary Emergency Court of Appeals.

April 16, 1975.

David Clayman, Columbus, Ohio, for appellant.

Irving Jaffe, Acting Atty. Gen., William C. White and Chester W. Kitchings, Jr., Attys., Dept. of Justice, Washington, D. C., for government-appellees.

Before TAMM, Chief Judge, and VAN OOSTERHOUT, and HASTINGS, Judges.

TAMM, Chief Judge.

At issue is whether the trial court properly upheld a decision of the Pay Board and rejected appellant's argument that the decision be reviewed in light of evidence not before the Board. We affirm.

Pursuant to a collective bargaining agreement entered into prior to the initiation of Phase I of the Economic Stabilization Program, appellant's members were to receive an 8.4 percent wage increase effective during the year from July 1, 1972 to June 30, 1973. The employer filed the agreement with the Board which thereafter challenged the scheduled wage increase as unreasonably inconsistent with its 5.5 percent wage and salary standard. J.A. 40. The Pay Board Cases and Appeals Panel determined that the 8.4 percent increase was unjustified, and recommended an increase of 7 percent, which was accepted by the Chairman of the Pay Board on November 21, 1972. J.A. 58–61. Appellant's request for reconsideration was denied and on March 23, 1973 it filed suit in the United States District Court for the Southern District of Ohio, seeking reversal of the Board's decision and reinstatement of the full 8.4 percent increase. Rejecting appellant's contention that the Board's decision be considered in light of the subsequent substantial rise in wages and prices, the court held that the decision is based on substantial evidence, and granted summary judgment for the Government. International Brotherhood of Electrical Workers, Local 1466 v. Boldt, 388 F.Supp. 491 (S.D.Ohio, 1975), J.A. 91.

■ On appeal appellant again urges that the Board's decision must be considered in light of additional evidence, which became available subsequently. Appellant's Br. at 4. This we cannot do.

In United States v. Carlo Bianchi & Co., 373 U.S. 709, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963), the Supreme Court instructed that:

The term "substantial evidence" in particular has become a term of art to describe the basis on which an administrative record is to be judged by a reviewing court. This standard goes to the reasonableness of what the agency did *on the basis of the evidence before it*, for a decision may be supported by substantial evidence even though it could be refuted by other evidence that was not presented to the decision-making body.

*Id.* at 715, 83 S.Ct. at 1414. *See also* Koppers Co. v. United States, 405 F.2d 554, 556–59, 186 Ct.Cl. 142, 147–51 (1968); Braniff Airways, Inc. v. CAB, 126 U.S.App.D.C. 399, 379 F.2d 453, 462 (1967). Nothing in the language of the Economic Stabilization Act or its legislative history suggests a contrary scope of

review. See S.Rep.No.507, 92nd Cong., 1st Sess. 11 (1971), U.S.Code Cong. & Admin.News 1971, p. 2283. Thus, the Board's decision must stand or fall on the basis of the evidence then before it.*

■ Accordingly, we too reject appellant's argument and, having examined the record, hold that the Board's decision is based upon substantial evidence.

Affirmed.

---

\* While there are exceptions to this general rule, *see, e. g.*, Brown v. United States, 396 F.2d 989, 184 Ct.Cl. 501 (1968); Toledano v. Commissioner of Internal Revenue, 362 F.2d 243 (5th Cir. 1966); Jordan v. United Insurance Co. of America, 110 U.S.App.D.C. 112, 289 F.2d 778 (1961), they are not applicable here.