The UNITED STATES DEPARTMENT OF ENERGY et al., Petitioners,

v.

The Honorable M. D. CROCKER, Judge of the United States District Court for the Eastern District of California, Respondent.

No. 9–48.

Temporary Emergency Court of Appeals.

Argued June 25, 1980.

Decided Aug. 8, 1980.

---

Frank W. Krogh, Dept. of Energy, Washington, D.C., with whom John P. McKenna, Washington, D.C., was on brief, for petitioners.

Fred W. Drogula, Ginsburg, Feldman, Weil & Bress, Washington, D.C., with whom Jacob Dweck and Ira T. Kasdan, Washington, D.C., and Jack M. Tipton, Wild, Carter, Tipton, Quaschnick & Oliver, Fresno, Cal., were on brief, for Berry Holding Company.

Before CHRISTENSEN, ZIRPOLI and LACEY, Judges.

PER CURIAM.

Petitioners seek a writ of mandamus directing the Honorable M.D. Crocker, Judge of the United States District Court for the Eastern District of California, to vacate his order of December 3, 1979, in *Berry Holding Co., et al. v. Department of Energy, et al.*, CV-78-149 (MDC), requiring petitioners, defendants therein, to produce documents to the plaintiffs (Berry), 28 U.S.C. § 1651; Fed.R.App.P. 21. The petition is granted and the writ will issue.

### I.

On June 10, 1977, the Department of Energy (DOE) issued to Berry a remedial order, charging that Berry had unlawfully availed itself of the stripper well lease exemption, 6 CFR § 150.54(s), reissued as 10 CFR § 210.32. Berry thereafter sued in the

district court and, challenging the remedial order, contended that DOE's interpretation of the exemption, as applied to Berry, was in error and contrary to earlier agency interpretations.

In discovery Berry sought DOE documents relating to how, within the agency, the stripper well exemption had been interpreted in that earlier period. DOE resisted as to certain documents, claiming governmental privilege, attorney-client privilege and attorneys' work product. In support of its claim it filed an affidavit of an official of the Economic Regulatory Administration of DOE and a detailed index of the withheld documents and the privilege claimed as to each.

In the district court and here Berry argued that it needed the withheld documents. DOE contends now, as it did in the district court, that need was a pertinent consideration only as to its qualified privilege claims, i.e., governmental privilege and work product; that if such need was found to exist, the district court was required to review the documents *in camera*, balancing the qualified privilege claims against such need, and, finally, that there was no need because intra-agency writings are irrelevant to the meaning of the stripper well exemption.

In argument before the district court on November 19, 1979, the foregoing positions were stated. Appendix to Petition for Writ of Mandamus, Exhs. "C" and "D". DOE's counsel, in proposing *in camera* review, offered to submit to the court all the documents in question, or, to ease the court's burden, representative documents. *Id.* The district judge declined the offer, stating:

> Well, I don't want to review the documents. . . . I think you should make the documents available because I don't think the plaintiff can proceed without them . . . .

An order was entered on this ruling on December 3, 1979, which in pertinent part, provides:

> . . . It Is Hereby Ordered that

1. Plaintiff's Motion to Compel Production of Documents Withheld by Defendants on Grounds of Privilege is granted;
2. Defendants shall produce forthwith, and make available to plaintiffs for inspection and copying, all documents . . . . .

DOE then moved in the district court for certification to this court under 28 U.S.C. § 1292(b). The district judge, in denying certification entered an order, dated February 11, 1980, which, in pertinent part, reads:

> 2. The Court reaffirms its December 3, 1979 Order granting Plaintiffs' Motion to Compel Production of Documents withheld by Defendants on grounds of privilege, as follows:
>
> (a) Plaintiffs' need for the documents in question far outweighs the claims of privilege alleged by Defendants.
>
> (b) In any event, the Defendants have failed to properly assert their claims of privilege, have made broad, unspecific and unjustified claims of privilege, and have therefore waived such claims with respect to the documents involved. . . . .

Appendix to Petition for Writ of Mandamus.

This petition followed.

II.

The respondent has not filed any response. Berry has—and challenges this court's jurisdiction to entertain a petition for writ of mandamus, since the district court's rejection of DOE's privilege claims "do not require any interpretation of, or even reference to, the Emergency Petroleum Allocation Act (EPAA) or to any other statute, regulation, or order which would vest TECA with jurisdiction to entertain this Petition." Answer of Plaintiffs Below to Petition for Issuance of a Writ of Mandamus (Answer).

In *Quincy Oil, Inc. v. FEA*, 620 F.2d 890 (Em.App.1980), this court in finding it had subject matter jurisdiction over appeals from district court dismissals of complaints as moot, wrote:

Section 211(b)(2) of the Economic Stabilization Act of 1970 (ESA), 12 U.S.C.A. § 1904 note, incorporated by reference in the Emergency Petroleum Allocation Act of 1973 (EPAA), 15 U.S.C.A. § 754(a)(1), vests this court with "exclusive jurisdiction of all appeals from the district courts in cases and controversies *arising under* this title or under regulations or orders issued thereunder." (emphasis in original)

*Id.* at 892.

In so holding, the *Quincy* court distinguished the authorities Berry urges upon us here, *Coastal States Marketing Inc. v. New England Petroleum Corp.*, 604 F.2d 179 (2d Cir.1979), and *Texaco v. DOE*, 616 F.2d 1193 (Em.App.1979). *See Quincy Oil, Inc. v. FEA, supra* at 893. We too find those cases distinguishable for the reasons set forth in *Quincy.*

In *United States v. Wickland*, 619 F.2d 75 (Em.App.1980), this court took jurisdiction of an appeal from a district court decision enforcing a DOE subpoena:

Here the issue is whether the DOE can be estopped from enforcing the subpoena power granted it by the EPAA. In our opinion this is an issue "involving the . . . EPAA". Through the subpoena the DOE is seeking information to determine whether there has been a violation of the ESA and the EPAA and regulations issued pursuant thereto. It involves a federal agency's attempt to fulfill its duty under statutes and regulations over which this court has exclusive jurisdiction. The district court has "adjudicated" an "EPAA issue".

*Id.* at 78.

■ Here the discovery issue may affect the ability of litigants under the EPAA to obtain intra-agency evidence bearing upon the meaning and interpretation of regulations, issued pursuant to the Economic Stabilization Act and the Emergency Petroleum Allocation Act. We find, therefore, that, as in *Wickland*, the district court has "adjudicated" an "EPAA issue."

Accordingly, we find jurisdiction exists to determine the matter before us.

### III.

■ Mandamus is a remedy reserved only for extraordinary situations. *Kerr v. United States Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976), such as where there has been a failure to act despite a "clear and unmistakable duty" to do so. *Falzarano v. United States*, 607 F.2d 506, 513 (1st Cir.1979). Petitioners contend that this drastic remedy is appropriate here.

■ The record supports petitioners' position. As the transcript of argument reflects, the district judge rejected all of DOE's privilege claims, including not only the qualified government privilege and work product claims, but the absolute attorney-client privilege, solely on the basis of his acceptance of Berry's claimed need, without *in camera* review of any of the assertedly privileged documents. It is unclear to what extent the district judge explored Berry's assertion of need. However, there was no evaluation, by document, of the privilege claimed and balancing thereof with the need asserted. Moreover, there was a total rejection of the claim of attorney-client privilege which, to the extent it existed, would render irrelevant Berry's need, if any.

Berry has argued here that the district judge rejected all privilege and work product claims because DOE had improperly or belatedly asserted them. Answer, 19–20. It relies on the February 11, 1980, order (the order denying certification), not the order of December 3, 1979 (the ruling on the merits of the privilege issues), which is the subject of this petition.

### IV.

■ The petition will issue. The district judge is directed (a) to balance Berry's need

for particular documents against properly claimed qualified privileges, or work product, by an *in camera* inspection of the documents, or representative samplings thereof; and (b) to reject Berry's claim to discovery, on the basis of need, of documents which he

finds are protected by the proper assertion of the attorney-client privilege.*

* We are aware of the burden imposed upon the district judges by the broad discovery, covering hundreds or even thousands of documents, undertaken by parties in litigation with DOE, given the assertion of privileges, as here, with respect to such a relatively large proportion of the documents sought. The pattern of seeking mammoth discovery of DOE files is emerging along well-defined lines:

*The Coastal Corporation v. Duncan*, 86 F.R.D. 514, (D.Del., 1980) (district judge had no necessity to review documents; DOE had failed to raise privilege claims properly. The district judge, referring to the enormous burden of resolving questions of privilege in document discovery, said: ". . . This type of litigation just cannot be controlled under present circumstances.") Tr. of Argument, 44, Appendix A to

Petitioners' Response to Supplemental Brief Filed by Plaintiffs Below (Response).

*Exxon Corp. v. DOE*, CA 3 75 0836 W (N.D. Tex. June 9, 1980) (district judge "ordered the disclosure of over 2500 [assertedly] privileged documents, on the basis of Coastal Corp. . .") Response, 14.

We are also told by DOE in its Petition, 9, that there are other suits where discovery similar to that sought here is pending: *Amoco Production Co., et al. v. DOE*, 469 F.Supp. 236, (D.Del., 1979) (natural gas liquids); *United States v. Exxon*, 470 F.Supp. 674 (D.D.C., 1979) (crude oil pricing); *Getty Oil Co. v. DOE*, CA 77 434 (D.Del.) (crude oil importation); *Pennzoil v. DOE*, 480 F.Supp. 1126, (D.Del., 1979) (crude oil pricing).