The **UNITED STATES DEPARTMENT OF ENERGY and John S. Herrington, Secretary of Energy, Petitioners,**

v.

**The Honorable Clarence A. BRIMMER, Chief Judge of the United States District Court for the District of Wyoming, and Inexco Oil Company, Respondents.**

No. 10–60.

Temporary Emergency Court of Appeals.

Argued April 17, 1985.

Decided Oct. 2, 1985.

Rehearing and Rehearing En Banc Denied Nov. 1, 1985.

Thomas C. Newkirk, U.S. Dept. of Energy, Washington, D.C., argued, with whom on brief were Larry P. Ellsworth, Thomas H. Kemp, Charles L. Cope and Rodney L. Solenberger, Washington, D.C., for petitioners.

Roger A. Rider of Mayor, Day & Caldwell, Houston, Tex., argued, with whom on brief were Ronald J. Bigelow and Charles E. Suffling, Houston, Tex., and Stanley K. Hathaway, John B. Speight and Richard J. Barrett, Hathaway, Speight and Kunz, Cheyenne, Wyo., for Respondent, Inexco Oil Co.

Before CHRISTENSEN, JAMESON and MacBRIDE, JJ.

MacBRIDE, Judge:

The petitioners, the United States Department of Energy and the Secretary of Energy (collectively, "DOE"), seek a writ of mandamus directing the respondent district court judge to vacate a discovery order entered in litigation between DOE and the respondent Inexco Oil Company ("Inexco"), which required DOE to produce 63 internal government documents DOE claimed to be privileged. On February 4, 1985, we granted a stay of that order pending disposition of the petition. We now conclude that the requested documents are irrelevant to any issue properly before the district court, and accordingly order that the writ of mandamus issue.

## BACKGROUND

The lengthy history of this case is here briefly summarized. In 1979, the Southwest Enforcement District of the Economic Regulatory Administration ("ERA"), an enforcement arm of the Department of Energy, issued a Proposed Remedial Order ("PRO") alleging that in violation of then effective regulations, Inexco had overcharged its customers during the period from September 1973 through December 1975 for "old" crude oil produced at certain of its fields in the Powder River Basin in the State of Wyoming. The effective regulations set the ceiling price for "old" crude oil at the sum of "the highest posted price of that grade of crude oil at that field" on May 15, 1973, and a specified premium. 10 C.F.R. § 212.73(b) (1974). The PRO alleged that Inexco had improperly calculated the applicable ceiling price for its "old" crude by recognizing its own 1973 contract prices as the "highest posted price" in its ceiling price calculations. The PRO alleged that a lower price, appearing in price bulletins of Mobil, Amoco, and Conoco, constituted the appropriate "highest posted price." Accordingly, the PRO alleged that Inexco had been charging its customers in excess of the maximum legal price, and proposed that Inexco be ordered to refund over-charges of nearly $100,000.00 plus interest.

Inexco challenged the PRO in the Office of Hearings and Appeals ("OHA"), the adjudicative agency within the Department of Energy. Before the OHA, Inexco sought an order compelling DOE to produce precisely the same type of documents sought in the district court: internal governmental and other documents construing the regu-

latory "posted price" term, both in general terms and as applied to Inexco's circumstances. Inexco's discovery request was denied, on the grounds that the requested discovery was irrelevant to the proceedings, since the validity and correct construction of the "posted price" term had previously been authoritatively established. *Inexco Oil Co.*, 6 DOE P 82,581 at 85,248–85,252 (1980) (OHA order denying discovery). The OHA subsequently affirmed the PRO. *Inexco Oil Co.*, 7 DOE P 83,015 (1981).

Inexco appealed the latter OHA decision to the Federal Energy Regulatory Commission ("FERC"). Inexco initially declined to request discovery in preparation for proceedings before FERC, and when later it moved to discover much the same documents sought in the OHA proceedings, its motion was denied as presented too late. *Inexco Oil Co.*, 18 FERC P 62,476 (1982) (presiding officer's order denying discovery). After argument and briefing, FERC upheld the OHA decision. *Inexco Oil Co.*, 25 FERC P 61,146, *supplemented*, 25 FERC P 61,411, *affirming* 25 FERC P 62,354 (presiding officer's proposed order) (1983).

Inexco thereupon sought review of the FERC decision in the United States District Court for the District of Wyoming. *Inexco Oil Co. v. United States Dep't of Energy*, No. C–83–0513 (D.Wyo. filed December 23, 1983). In that court, Inexco sought to compel DOE to produce essentially the same sort of documents previously sought before the OHA and FERC, namely, documents showing internal DOE memoranda discussing or applying the "posted price" term, and internal memoranda pertaining to DOE's application of that regulation to Inexco's circumstances. DOE resisted all discovery, relying on its argument that review of the administrative action must be confined to the record before the administrative decision-maker. DOE's position was overruled by the presiding magistrate, and DOE was ordered to produce the requested documents. DOE produced 165 documents, but ultimately claimed the governmental deliberations privilege as to 63 documents. Inexco thereupon sought an

order compelling discovery. The presiding magistrate granted the order.

On appeal of the magistrate's ruling to the respondent district judge, the court conducted an *in camera* review of all the documents in question and determined that all of them should be produced. As to four of the documents, the court concluded that they should have been included in the administrative record. As to each of the other 59 documents, the court made an individualized decision either that the governmental deliberations privilege did not apply to the document, or that if the privilege applied, Inexco's need outweighed the petitioners' interest in non-disclosure. The court ordered disclosure conditioned by a limited protective order which forbade Inexco from communicating the documents to any other party.

Petitioners thereupon filed this petition for writ of mandamus seeking vacation of the contested discovery order. We ordered a stay of the district court's order pending our disposition of this petition.

## DISCUSSION

Inexco contends that (1) this court lacks jurisdiction over the issues raised by this petition; (2) the district court did not abuse its discretion in ordering production of the disputed documents, and (3) even if the district court's order was error, mandamus does not lie to correct it. We address these points in order.

## JURISDICTION

The Temporary Emergency Court of Appeals ("TECA") is a court of special and narrowly limited jurisdiction. *MGPC, Inc. v. Dep't of Energy*, 673 F.2d 1277, 1280 (TECA 1982). With respect to the circumstances of this case, our jurisdiction extends only to the determination of issues arising under the Emergency Petroleum Allocation Act ("EPAA"), 15 U.S.C. § 751 *et seq.*, and the regulations promulgated pursuant to its authority, which issues were actually adjudicated in the district court. Inexco's jurisdictional argument has two, somewhat related, prongs. Inex-

co first asserts that the district court's discovery and privilege decisions did not adjudicate any EPAA issue. We reject that contention. Discovery is appropriate only where the material sought is "relevant to the subject-matter of the litigation." Fed.R.Civ.Proc. 26(b)(1). Where a district court's finding of relevance is grounded on the production request's materiality to an issue of law arising under the EPAA, that decision necessarily involves an adjudication of an EPAA issue. *See United States Dep't of Energy v. Crocker,* 629 F.2d 1341, 1344 (TECA 1980) (per curiam). Likewise, where a claim of qualified privilege is overruled on the grounds that the requestor's need for the discovery outweighs the opponent's interest in non-disclosure, and where the finding of need is based on a conclusion that the discovery sought is material to establishing a claim or defense under the EPAA or its appurtenant regulations, that legal conclusion involves the adjudication of an EPAA issue, and as such is subject to our appellate authority.

■ In this case, as is more fully discussed below, it appears that the district court concluded that the requested documents were relevant to determining the validity of, or the correct interpretation and application of DOE's regulations, promulgated under the authority of the EPAA, defining the disputed "posted price" term. Under the legal standards described above, that conclusion of relevance to a claim or defense relating to the validity, construction, or application of an EPAA-authorized regulation represents the decision of an EPAA issue, and hence is properly placed before us for review.

Second, Inexco argues that, even if the district court's discovery and privilege decisions pose EPAA issues within TECA's competence, we nonetheless lack subject-matter jurisdiction under the Supreme Court's decision in *Bray v. United States,* 423 U.S. 73, 96 S.Ct. 307, 46 L.Ed.2d 215 (1975). In *Bray,* the Internal Revenue Service, which then had enforcement authority under the Economic Stabilization Act ("ESA"), subpoenaed certain documents from Bray to further an investigation into possible violations of the ESA. When Bray

failed to comply, the district court granted the IRS's petition for an enforcement order, and when Bray disobeyed that order, the court convicted him of criminal contempt under 18 U.S.C. § 401. Bray appealed his conviction to the Court of Appeals for the Tenth Circuit. That court dismissed the appeal for lack of jurisdiction, concluding that the appeal represented a "case or controversy" arising under the ESA, and thus falling within TECA's exclusive purview. The Supreme Court reversed, holding that the matter for determination was the validity of a criminal conviction under 18 U.S.C. § 401, not any ESA issues, and thus the conviction was within the circuit court's jurisdiction.

The short opinion in *Bray* apparently did not contemplate that the decision to enforce the subpoena might itself involve the adjudication of an ESA issue, or that the invalidity of the district court's enforcement order under the ESA might be raised on appeal of the criminal contempt conviction as a defense. Perhaps as a consequence, *Bray* does not provide how the Circuit Court of Appeals should determine a criminal conviction appeal in which ESA or EPAA issues are raised defensively. We, however, need not explore these interesting problems here. In this case, no contempt proceeding under 18 U.S.C. § 401 was commenced, and the petitioners do not seek review of a criminal conviction. Hence, *Bray* is inapposite. We have repeatedly recognized our jurisdiction to entertain mandamus petitions in circumstances similar to this case. *See United States Dep't of Energy v. Brett,* 659 F.2d 154 (TECA 1981) (per curiam), *cert. denied,* 456 U.S. 936, 102 S.Ct. 1992, 72 L.Ed.2d 456 (1982); *United States Dep't of Energy v. Crocker,* 629 F.2d 1341 (TECA 1980) (per curiam). Accordingly, we conclude that we have jurisdiction to determine the issues posed by this petition.

**MERITS**

On the merits, the petitioners argue that the district court erred on several grounds. First, petitioners argue that since the stat-

utory scope of review of agency action is confined to review of the record developed before the agency adjudicators, further discovery, save in exceptional circumstances not involved here, is improper. Second, petitioners argue that even if discovery were not generally improper, the contested documents are not "matter ... relevant to the subject matter of the pending action" or "matter ... reasonably calculated to lead to the discovery of admissible evidence," and hence not discoverable under Fed.R.Civ.Proc. 26(b)(1). Third, petitioners contend that even if marginally relevant, the contested documents are protected by the qualified executive privilege, and the district court incorrectly ruled that Inexco's proper need for the documents outweighed the governmental and public interest in non-disclosure.

We decline to resolve petitioner's first and third contentions, because we are convinced that these documents are irrelevant to any proper issue before the district court for resolution. The order of the district court and Inexco's brief before this court are remarkably vague in addressing the materiality of the requested documents to Inexco's case. A close review of the record below, however, reveals that Inexco principally advanced, and the district judge principally relied on, Inexco's contention that the requested documents were material to proving that DOE's interpretation of the "posted price" definition urged below was inconsistent with its "contemporaneous construction" of that term, and therefore, was either invalid or not entitled to judicial deference.

Inexco's campaign against DOE's current interpretation of the "posted price" term has been previously fought, and lost. In *Dep't of Energy v. Osborn*, 760 F.2d 282 (TECA 1984), *Mountain Fuel Supply Co. v. United States Dep't of Energy*, 656 F.2d 690 (TECA 1981), and *Grigsby v. Dep't of Energy*, 585 F.2d 1069 (TECA 1978), this court has repeatedly ruled that the DOE's current interpretation of the regulatory "posted price" term is valid, rational and entitled to judicial deference. In *Mountain States*, this court rejected, over the dissent of Judge Jameson, the arguments

that the history of DOE's interpretation of the "posted price" term had been so erratic and confusing that its current interpretation either was invalid or was not entitled to judicial deference under the "contemporaneous construction" doctrine suggested by the decision in *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S.Ct. 161, 164, 89 L.Ed. 124 (1944). *Mountain States*, 656 F.2d at 695. Further, the court in that case found no merit in the due-process argument that the agency's late-blooming construction of the "posted price" term had besmirched that provision with "the taint of retroactivity." *Id.*

■ In *Osborn*, Judge Jameson, writing for the court, reviewed *Grigsby* and *Mountain States*, and concluded: "[T]hese two prior decisions leave no doubt ... that the agency's interpretation of its own regulation is valid." 760 F.2d at 284. This court's holding that DOE's interpretation of the "posted price" term is valid, and not infirm on either due process or contemporaneous construction grounds, represents a legal conclusion, *Grigsby*, 585 F.2d at 1079 ("[t]he issues argued on this appeal are legal, not factual issues...."), which is binding on the district courts until it is either reversed or overruled.

Accordingly, Inexco may not put in issue below the validity of the DOE's current interpretation of the posted price term, nor may it urge that its interpretation is not due judicial deference. The contested documents, which were sought, and ordered produced on the grounds of Inexco's need to prove the agency interpretation invalid on contemporaneous construction and due process grounds, are therefore not material to any proper issue in the district court. Consequently, the order mandating production of those documents was error.

■ Inexco contends that even if the district court erred in ordering production, mandamus does not lie to correct the error. We recognize that the writ of mandamus is an extraordinary judicial remedy, *MGPC, Inc. v. Dep't of Energy*, 673 F.2d 1277, 1283 (TECA 1982), the use of which should not be permitted to circumvent federal statutory policy disfavoring interlocutory ap-

peals. At the same time, where substantial claims of privilege are overruled at the discovery stage, and the order compelling discovery involves the adjudication of EPAA issues, this court possesses the discretion to review the production order by writ of mandamus, because once the disclosure is made, the erroneous compulsory disclosure may, as a practical matter, be irremediable by the usual appellate process. Accordingly, we have previously recognized our authority to review, upon petition for writ of mandamus, district court orders compelling the disclosure of information as to which substantial claims of privilege have been asserted. *See United States Dep't of Energy v. Brett,* 659 F.2d 154 (TECA 1981) (per curiam), *cert. denied,* 456 U.S. 936, 102 S.Ct. 1992, 72 L.Ed.2d 456 (1982); *United States Dep't of Energy v. Crocker,* 629 F.2d 1341 (TECA 1980) (per curiam).

Given that this case presents a proper case for review by mandamus, issuance of the writ is appropriate even where our conclusion of district court error does not require decision of the privilege issues posed. *See, e.g., Sanderson v. Winner,* 507 F.2d 477, 480 (10th Cir.1974) ("[i]n view of our ruling that the matters sought ... are irrelevant, we deem it unnecessary to determine whether the documents sought are privileged") (mandamus issued), *cert. denied,* 421 U.S. 914, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975).

Accordingly, a writ of mandamus shall issue directing the district court to vacate its order of January 4, 1985 compelling production.[1]

---

**1.** The district court held that four of the requested documents must be produced because they should have been included in the administrative record. We disagree. The district court did not detail the reasons for its finding. Ordinarily, however, the administrative record is appropriately supplemented in the district court only where it is discovered that evidence considered by the agency adjudicators was, because of clerical mistake or other oversight, not included in the administrative record forwarded to the district court. *See MGPC, Inc. v. Duncan,* 581 F.Supp. 1047, 1058 (D.Wyo.1984). Our review of the record makes plain that the four documents were not before the OHA officers or FERC commissioners when they decided Inexco's appeals. In a case such as this, where the principal issue is whether the agency findings are supported by substantial evidence, the district court lacks the authority to supplement the record with a view to weighing evidence not considered by the agency adjudicators. *See International Brotherhood of Electrical Workers v. Boldt,* 513 F.2d 1405, 1407 (TECA 1975) ("the [agency's] decision must stand or fall on the basis of the evidence then before it"). The district court's conclusion that the four documents must be produced was error.