WHITAKER OIL COMPANY, Plaintiff,

v.

John S. HERRINGTON, Secretary of Energy, et al., Defendants.

Civ. A. No. C87–82A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 19, 1987.

Michael D. Sherman, A. Abigail Payne, Collier, Shannon, Rill & Scott, Wash. D.C., Candler Crim, Jr., Crim & Bassler, Atlanta, Ga., for plaintiff.

Stephen E. Hart, U.S. Dept. of Justice, Civ. Div., Washington, D.C., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

Whitaker Oil Company ("Petitioner" or "Plaintiff") brings this action seeking declaratory and injunctive relief to prevent defendants from enforcing a Department of Energy ("DOE") Remedial Order which requires plaintiff to refund and pay interest on alleged overcharges in the sale of certain petroleum products from November 1, 1973 through March 31, 1974. This court has jurisdiction to review the agency issuance of a Remedial Order pursuant to the Economic Stabilization Act, 12 U.S.C. § 1904 note; the Department of Energy Organization Act, 42 U.S.C. § 7192(a); and the Administrative Procedure Act, 5 U.S.C. §§ 701–706. Currently before the court are plaintiff's motion to supplement the administrative record or remand the action and defendants' motion for a protective order.

## FACTS [1]

Plaintiff is a closely held corporation, incorporated in Georgia, which engages in the purchase and sale of petroleum products throughout the Southeastern United States. Complaint, ¶ 1. Defendant DEO administers and enforces the Economic Stabilization Act, the Emergency Petroleum Allocation Act ("EPAA") and the Department of Energy Organization Act and is the successor to and carries out the responsibilities of its predecessor agencies, the Federal Energy Office ("FEO") and the Federal Energy Administration ("FEA"). *Id.*, ¶ 2.

In August 1970 Congress passed the Economic Stabilization Act which enabled President Nixon, in 1971, to freeze prices, rents and wages for a period of 90 days and to establish the Cost of Living Council ("CLC") as the agency in charge of the program. *Id.*, ¶ 7. On August 19, 1973, CLC issued the first federal mandatory price-control regulations to be applied to the petroleum industry. *Id.*, ¶ 8. On November 27, 1973 Congress enacted the EPAA which maintained price controls in the petroleum industry and added new authority for comprehensive allocation controls. *Id.*, ¶ 9. The authority to enforce these Acts as they applied to the petroleum industry passed from the CLC to FEO (in December 1973) to FEA (in June 1974) and finally to DEO (in September 1977). *Id.*, ¶ 12. Federal price controls on the petroleum products at issue in the instant case were removed in 1976. *Id.*, ¶ 15.

To ensure compliance with the various price control programs, the government occasionally conducted field audits of petroleum firms. Plaintiff was first audited in early 1974 by the Internal Revenue Service (which was then the agency responsible) and was again audited two more times in the late 1970s. *Id.*, ¶ 16. Following each audit, plaintiff heard nothing regarding the results. On May 27, 1980, however, DOE issued a "Notice of Probable Violation" ("NOPV") to plaintiff alleging the latter had violated price control regulations by overcharging its customers between November 1973 and March 1974. *Id.*, ¶¶ 21–22. In February 1982, DOE converted the NOPV to a "Proposed Remedial Order" ("PRO") alleging even higher overcharges. The PRO was adjudicated before the DOE's Office of Hearings and Appeals ("OHA")—an intermediate quasi-adjudicatory body which reviews pleadings and conducts a hearing—which, on April 10, 1985, issued a Remedial Order to plaintiff requiring plaintiff to pay $433,372.08 in alleged overcharges on certain petroleum products plus interest. *Id.*, ¶¶ 23–26.

Under the terms of the DOE Organization Act, a Remedial Order issued by OHA is not final agency action if a petroleum firm requests review by the Federal Energy Regulatory Commission ("FERC"), an independent commission within the DOE with authority to issue decisions in DOE enforcement actions. *Id.*, ¶¶ 27, 6. Pursuant to FERC procedures, plaintiff filed a notice of appeal and an Answer to the Remedial Order as well as a brief. DOE responded to plaintiff's brief and FERC issued an order affirming the Remedial Order on November 25, 1985. *Id.*, ¶¶ 27–28. The FERC ruling constituted final agency action enabling plaintiff to appeal to this court for review. *Id.*, ¶ 30.

In its complaint in this court, plaintiff alleges that: (1) The Remedial Order is invalid because not supported by substantial evidence and contrary to law; (2) the enforcement action conducted by DOE was arbitrary and capricious and violated plaintiff's right to due process of law; (3) FERC's review was not conducted pursuant to the law; (4) the Remedial Order is barred by the doctrine of laches; (5) DOE abused its discretion in imposing prejudgment interest; and (6) the exercise of power by FERC, which is not subject to discretionary removal by the President, is unconstitutional. Plaintiff seeks to have this court declare the Remedial Order null and void and enjoin the DOE from enforcing

---

**1.** All of the facts set forth in this factual summary are taken from the plaintiff's complaint. Because the action is not before the court on a motion for summary judgment, the parties have not compiled a statement of facts.

that or any new Remedial Order against plaintiff.

■ On May 27, 1987 the government filed with this court the "certified official administrative record" for review. On July 6, 1987 Whitaker filed a motion to supplement the administrative record or, in the alternative, to remand the proceeding to FERC. Plaintiff contends that the record filed with this court is incomplete in several respects. Plaintiff attached an appendix setting forth sixteen items or categories of materials it contends should be included to make the record "whole." These include documents OHA either directly or indirectly relied on in arriving at its decision to issue the Remedial Order and to grant partial exception relief; background materials relating to the audits of plaintiff and decisions reached after the audits including the decision to issue the PRO and NOPV; documents concerning the contemporaneous construction of the regulations; and documents relating to FERC's decision to affirm OHA's issuance of a Remedial Order. The government notes that when a case is tried before DOE, the record on appeal "consists of the pleadings filed by the parties, the transcripts of the hearings, the evidence submitted by the parties and the orders issued by OHA and the Commission [FERC]." [2] Defendants' Opposition brief at 6. The government contends that if documents or evidence are absent from the record, "it is plaintiff's fault, not the government's." Id. at 9.

Although in the abstract the government's argument carries surface appeal, given the posture and facts of the instant case, as well as a thorough reading of the authority cited by defendants, the government's opposition to plaintiff's motion must fail. Defendants rely heavily on U.S. Department of Energy v. Brimmer, 776 F.2d 1554 (T.E.C.A.1985), to argue that this court does not have authority to supplement the record. Defendants refer repeatedly to footnote one, in which the Brimmer court states "where the principal issue is whether the agency findings are supported by substantial evidence, the district court lacks authority to supplement the record with a view of weighing evidence not considered by the agency adjudicators." Id., 776 F.2d at 1559 n. 1. The government must rely on the dictum in the footnote because in the body of the order the Brimmer court "decline[d] to resolve" the question of whether the "scope of review of agency action is confined to review of the record developed before the agency adjudicators." Id., at 1558. The actual holding of the Brimmer court is inapplicable to the instant case. The Brimmer court found that the documents sought by petitioner were "not material to any proper issue in the district court" because they related to an issue which had been repeatedly ruled on and put to rest by the courts.

Even if the language of the Brimmer footnote were set forth as the court's holding, however, it would not support defendants' contention that this court may not supplement the record as requested by plaintiff. The government argues, in essence, that only FERC constitutes the "agency adjudicators" for purposes of determining the evidence this court may consider. Therefore, the government has supplied this court with the evidence considered by FERC only. Plaintiff argues that any documents or materials relied upon by OHA and the other branches of DOE in all stages of the enforcement proceedings against plaintiff constitute "evidence considered by agency adjudicators." This court agrees that the term "agency adjudicators," as used by the Brimmer court and others, refers to other arms of DOE in addition to FERC. Indeed, in the same footnote, the Brimmer court noted that the district court should not have supplemented the record with documents which "were not before the *OHA officers* or FERC commissioners" when they decid-

2. This court perused the administrative record filed in this action and was unable to find any transcripts of the hearings. The record appears to consist of the parties' pleadings, exhibits and attachments to the pleadings, motions and briefs in support thereof and the orders issued by OHA and FERC.

ed the appeals. *Id.* at 1559 n. 1 (emphasis supplied).[3]

While the *Brimmer* court notes that the record should include evidence considered by "agency adjudicators" without specifying which entities that term embraces, other courts have held that the administrative record must include all documents and materials which were considered either directly or indirectly by "the agency" or "agency decision-makers." *See, e.g., Exxon Corp. v. Department of Energy*, 91 F.R.D. 26, 33 (N.D.Tex.1981); *MGPC, Inc. v. Duncan*, 581 F.Supp. 1047, 1058 (D.Wyo.1984); *Tenneco Oil Co. v. Department of Energy*, 475 F.Supp. 299, 317 (D.Del.1979); *Public Power Council v. Johnson*, 674 F.2d 791, 794 (9th Cir.1982). The plain meaning of "agency" or "agency decision-makers" supports the conclusion that the administrative record for review should include documents and materials considered by *any* arm of DOE in rendering decisions which the affected firm subsequently appeals.

In the instant action, therefore, the record should properly include any material which was in some way considered by the various branches of DOE, including its predecessor agencies, OHA and the IRS in conducting the first audit of plaintiff, as well as FERC. The court arrives at this conclusion because each of these entities constitutes either the "agency" or "agency decision-makers" insofar as each conducted investigations or proceedings which resulted in determinations that plaintiff overcharged customers. Each decision-maker or agency arm contributed to or played an integral part in the ultimate finding of liability which plaintiff now appeals.

Other courts similarly have concluded that the administrative record may be supplemented with material which was either directly or indirectly considered by decision-makers but not submitted to the court for review. *See, MGPC, Inc., supra; Public Power Council, supra; Exxon Corp., supra;* and *Tenneco Oil, supra.* In *Tenneco Oil,* the court noted that the "transmitted record contains primarily Tenneco's submissions to the agency, along with the formal Decisions and Orders issued by FEA and DOE." The court granted Tenneco's motion to compel discovery of materials to supplement the record and stated:

> It strains the court's imagination to assume that the administrative decision-makers reached their conclusions without reference to a variety of internal memoranda, guidelines, directives and manuals, and without considering how arguments similar to Tenneco's were evaluated in prior decisions by the agency.

475 F.Supp. at 317. The *Tenneco* court held that the "informal memoranda, directives and guidelines generated and disseminated at a variety of levels are proper items of discovery ..." and, because the court would be called upon to interpret the meaning of agency regulations in order to resolve Tenneco's claim that DOE and FEA acted arbitrarily or beyond the scope of their authority, Tenneco was "entitled to discovery of all materials relevant to the agency's contemporaneous construction of its regulations." *Id.* at 318.[4]

---

**3.** Further weighing against defendants' interpretation of *Brimmer* and its application to this case is the fact that plaintiff in this action does not seek declaratory and injunctive relief solely on the issue of whether the agency's findings are supported by substantial evidence. Plaintiff also alleges, among other things, that the agency's actions were arbitrary and capricious and/or not in accordance with law. To determine if agency action was arbitrary and capricious, "the court's inquiry must be 'searching and careful' [cit] and the court must ensure 'both that the Commission has adequately considered all relevant factors ... and that it has demonstrated a "rational connection between the facts found and the choice made"'...." *U.S. Lines v. Federal Maritime Commission,* 584

F.2d 519, 526 (D.C.Cir.1978) (quoting *Citizens to Protect Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971) and *Home Box Office, Inc. v. FCC,* 567 F.2d 9, 35 (1977)).

**4.** *See also Exxon Corp, supra,* where the record before the court, similar to *Tenneco,* contained primarily the oil company's submissions to the agency, along with formal decisions and orders issued by the agency, and thus, the court allowed discovery to "complete the record" to "assure[ ] that all materials considered by the agency have been proffered...." 91 F.R.D. at 33–34.

In the instant action, as in *Tenneco* and *Exxon, supra,* the record filed with this court contains the parties' pleadings and briefs in support of motions, exhibits and attachments thereto and the orders issued by OHA and FERC. The materials and documents plaintiff seeks to add to the record include evidence which was in all likelihood considered directly or indirectly by the branches of DOE during the years of investigating plaintiff and in rendering their decisions to issue the NOPV, PRO and Remedial Order, the validity of which the plaintiff now appeals.[5] Moreover, plaintiff contests the agency's application of the regulations, alleging it acted arbitrarily, capriciously and/or beyond the scope of its authority. The record should also include, therefore, the agency's contemporaneous construction of its regulations.

In addition to arguing that the *Brimmer* court's decision precludes this court from supplementing the record, the government contends that the incompleteness of the record must be attributed to plaintiff, and thus, that plaintiff must be disallowed from supplementing the record at this stage. Just as defendants mischaracterize and misapply the *Brimmer* decision, they erroneously argue that, pursuant to the agency's procedural rules, similar to F.R.App.P. 30, plaintiff must submit evidence relevant to its appeal and any evidence not so submitted "is plaintiff's fault, not the government's." Defendants contend that, like F.R.App.P. 30, FERC does not require the whole record to be filed. The very rules cited by defendants, however, belie their contention that the only relevant record on appeal is that which is set forth by plaintiff.

The FERC Rule 906(d) requires that the parties attach appendices and provides that

In compiling their appendices, the parties will include only documents specifically cited and relied upon in their pleadings. They will have regard for the fact that the *entire* administrative record [before OHA] *is always available* to the commission [FERC] and will *not include* irrelevant or *duplicative documents* in the appendices.

18 C.F.R. § 385,906(d)(3) (emphasis supplied). Similarly, the Federal Rules of Appellate Procedure, to which defendants refer for analogy, provide that the record on appeal shall consist of all the original papers and exhibits filed in the district court, the transcript of proceedings and a certified copy of the docket entries. F.R.App.P. 10. The federal Appellate Rules further provide, similar to FERC Rule 906, that the parties must file appendices which contain, among other things, any parts of the record to which the parties wish to direct the appellate court's attention but that "the parties shall have regard for the fact that the entire record is always available to the court for reference and examination and shall not engage in unnecessary designation." F.R.App.P. 30.[6] Thus, by the government's own reasoning, it appears that the record in this action must include all materials and documents considered directly or indirectly by OHA and any other agency decision-makers involved in the investigations of and proceedings involving plaintiff, regardless of which evidence plaintiff highlighted and appended to its pleadings before FERC.

■ Although FERC Rule 906 specifically provides that FERC has access to the entire administrative record and that the parties should not file duplicative documents, there is no evidence in this case that FERC reviewed anything but the brief

---

**5.** The Remedial Order incorporates the work papers, calculations, analyses, evaluations etc. of the enforcement arms of the DOE which were created during the investigation of plaintiff and considered by OHA in issuing the Remedial Order. These materials are expository of the agency's findings and conclusions set forth in the Remedial Order and thus should be included as part of the record. *Cf., Department of Energy v. Osborn,* 760 F.2d 282, 285 n. 2 (T.E.C.

A.1984) (TECA upheld district court's grant of motion to enlarge record to include exhibits to letter, which was included in record, because exhibits were "merely expository" of the letter).

**6.** Rule 30 also provides, "the fact that parts of the record are not included in the appendix shall not prevent the parties or the court from relying on such parts. F.R.App.P. 30(a).

and answer filed by plaintiff and the government's response (including the appendices attached to each) in reaching its decision to uphold OHA's issuance of the Remedial Order.[7] Pursuant to the Department of Energy Organization Act, when a company such as plaintiff contests a remedial order issued by OHA, FERC must afford the company opportunity for a hearing and "thereafter issue an order, *based on findings of fact*, affirming, modifying or vacating" the Remedial Order. 42 U.S.C. § 7193(c) (emphasis supplied). FERC's own regulations provide that its proceedings are neither de novo nor fully appellate but that it "will conduct an independent scrutiny of *all* parts of the record, *including the uncontested portions*, in order to arrive at a decision." *Atlantic Richfield Co. v. Department of Energy*, 769 F.2d 771, 792 (D.C. Cir.1984) (quoting, 43 Fed. Reg. 52219, 52221 (Nov. 9, 1978)) (emphasis supplied).

It seems clear in this case that FERC did not conduct an independent scrutiny of *all* parts of the record (uncontested portions were not likely to be included in the parties briefs and appendices) nor that it based its decision on its own findings of facts. Since the record before this court is incomplete, as the court has found above, and the record contains the identical materials considered by FERC, it stands to reason that FERC arrived at its decision on the basis of an incomplete record.

For these reasons, the court GRANTS plaintiff's motion and REMANDS this action to FERC to allow it to review OHA's issuance of the Remedial Order taking into consideration all parts of the record as a whole, including the materials and documents plaintiff seeks to include in the administrative record.[8] For the same reasons, the court DENIES defendants' motion for a protective order.

---

7. In its brief in opposition to plaintiff's motion to supplement the record or remand the action, the government notes, "there is no indication whatsoever in the Commission's [FERC's] decision affirming the Remedial Order that it relied upon any evidence in reaching its decision which was not submitted by the parties. Moreover, the Commission's [FERC's] certified administrative record does not indicate any request from the Commission to OHA to certify and forward the entire administrative record." Defendants' Brief at 9 n. 8.

8. *Cf., Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S.Ct. 1598, 1607, 84 L.Ed.2d 643 (1985) (if agency has not considered all relevant factors, proper course is to remand to agency for additional investigation).